**Judgment affirmed and Opinion filed January 6, 1994**



FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

JAN 6 1994

MARGIE THOMPSON
CLERK

In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-92-01078-CR

---

**VICTOR ALLAN WORLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 23,291**

---

## OPINION

In this appeal, we are asked to decide whether appellant's multiple commissions of the sexual acts charged in the indictment count as extraneous offenses for evidentiary purposes. We hold that they do not.

A jury found Victor Allan Worley, appellant, guilty of three counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. These five counts involved four children, all stepgrandsons of appellant. The jury assessed punishment at 50 years on each of the first three counts and 20 years on each of the final two counts. Appellant brings one point of error, asserting that the trial court erred in admitting evidence of extraneous offenses that occurred prior to the acts for which he was indicted.

Appellant focuses upon a complainant's testimony that appellant had performed the charged sexual acts many times over a period of years. Appellant argues that the following colloquy amounts to evidence of extraneous offenses:

State: How many times would you say the defendant Victor Worley touched you in any sort of sexual way?

Complainant: About -- at least over a hundred times.

State: Okay. Now, again, we're just trying to get an idea. About how many times would you say that this touching included him putting his mouth on your penis?

Complainant: Two to three times.

Appellant contends that complainant's answer, "over a hundred times," was evidence of extraneous offenses, which should not have been admitted into evidence without notice to the accused as required by Tex. R. Crim. Evid. 404(b). We disagree.

Appellant relies on *Vernon v. State*, 841 S.W.2d 407 (Tex. Crim. App. 1992), which involved a history of sexual abuse of a child by her stepfather. *Vernon*, however, dealt with "*unalleged* similar acts of sexual abuse." *Id*. at 410 (emphasis added). The appellant in *Vernon* was convicted of aggravated sexual assault for "putting his finger into the sexual organ of his 13-year-old step-daughter." *Id*. at 408. The "similar" acts of sexual abuse were multiple instances of the appellant fondling his stepdaughter over a period of several years. Fondling falls within the category of indecency with a child by contact and is prosecutable under Tex. Penal Code Ann. § 21.11 (Vernon 1989). Penetration belongs under the heading of aggravated sexual assault, prosecutable under Tex. Penal Code Ann. § 22.021 (Vernon 1989).

In *Vernon*, the testimony of prior instances of fondling did not include allegations that the appellant had penetrated complainant's sexual organ during fondling. 814 S.W.2d 845, 847 (Tex. App.--Fort Worth 1991), *rev'd*, 841 S.W.2d 407 (Tex. Crim.

-2-

App. 1992). Fondling and penetration are distinct acts that may be separately prosecuted under different sections of the Penal Code. The *Vernon* indictment alleged pentration, but not fondling. The lower court in *Vernon* had reasoned that the unalleged acts were admissible because they were a part of the overall "growing abuse of his stepdaughter." 814 S.W.2d at 848.

The Court of Criminal Appeals, however, stated that it was "inaccurate to characterize Appellant's behavior toward his step-daughter during much of her young life as but a single continuing offense." *Vernon*, 841 S.W.2d at 410. The court observed that each distinct act of sexual assault upon the child was a separate act of criminal misconduct for which the appellant could be prosecuted. *Id*. The *Vernon* indictment charged the accused with digital penetration only, not with the prior instances of external touching. Hence, the external touching offenses were unalleged and extraneous. The court reversed and remanded for an evaluation of harm under Tex. R. App. P. 81(b)(2). *Id*. at 411.

In the present case, the particular complainant, whose testimony is excerpted above, was the subject of two counts in the indictment. Count three alleged aggravated sexual assault of this complainant by oral-genital contact, prohibited by section 22.021 of the Penal Code. The complainant testified that appellant did this to him "two to three times."

Count five alleged indecency with a child by contact, by touching the genitals of the child. This conduct is prohibited by section 21.11. While the phrase used in the State's question, "any sort of sexual way," is broad enough to elicit testimony of offenses outside the indictment, this was not the result. Complainant's answer, "over a hundred times," did not *describe* an offense, but merely quantified its occurrence. Immediately before the verbal exchange shown above, the State had asked this complainant several questions about either fondling or oral-genital contact. Both types of conduct were alleged in the indictment.

By taking the complainant's statements in context, we find that this

-3-

complainant never testified to any offenses outside the indictment. "An extraneous offense is any act of misconduct, whether resulting in prosecution or not, *which is not shown in the charging instrument* and which was shown to have been committed by the accused." *Hernandez v. State*, 817 S.W.2d 744, 746 (Tex. App.--Houston [1st Dist.] 1991, no pet.) (emphasis added). Multiple occurrences of the same conduct committed against the same complainant may be shown at trial, and the State will be required, upon timely request by the accused, to elect which occurrence it will rely upon for the conviction. *Crawford v. State*, 696 S.W.2d 903, 906 (Tex. Crim. App. 1985).

The State may put on evidence of multiple occurrences of the acts alleged in the indictment, even if the evidence shows that such acts were committed on different dates from the dates shown in the indictment. *Scoggan v. State*, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990). The restriction on such evidence is twofold: (1) the acts shown must not be so remote in time that the limitations period has expired; and (2) the acts shown must not have occurred after the presentment of the indictment. *Id.*

In *Vernon*, the offenses held to be extraneous were similar, but not identical to those alleged in the indictment. 814 S.W.2d at 846. The objected-to testimony in the present case, however, consists of acts that were charged in the indictment. Here, the only differences between the indictment and the objected-to evidence are the alleged dates of the occurrences. The State is required, upon request, to elect which of the instances of the charged acts it will rely upon for purposes of conviction. *Scoggan*, 799 S.W.2d at 680 n.3.[1] A variance in the date between the indictment and the evidence will

---

[1] "When the evidence shows two or more acts of intercourse, each of which is an offense for which the defendant may be convicted, and the indictment charges only one offense, the State is required to elect which act it will rely upon to secure a conviction, provided the accused makes a motion for election." *Scoggan* involved a conviction for sexual assault of a child, where the complainant, as in the present case, testified that appellant had committed the charged act with her hundreds of times over a period of more than a year. 799 S.W.2d at 680. The State elected which of the occurrences shown by the evidence it would rely upon for prosecution.

-4-

not invalidate an indictment. *Id.*[2]

This case is controlled by *O'Neal v. State*, 746 S.W.2d 769 (Tex. Crim. App. 1988). In that case, the appellant was convicted for sexual assault of a child. The indictment charged that the appellant committed a single act of sexual assault upon complainant "on or about 26th day of April, 1984." *Id.* at 770. Complainant "testified that appellant had been having sexual intercourse with her on a regular basis" for approximately ten years. *Id.* At the close of all the evidence, the trial court required the State "to elect which act of intercourse it would rely upon for conviction." *Id.* at 771. On appeal, the lower court reversed the conviction, holding that such a late election prejudiced the appellant. *Id.* at 770. The Court of Criminal Appeals reversed, holding that "the belated election, while error, was harmless error." *Id.* at 773. *Vernon* did not overrule *O'Neal*.

In the present case, appellant never moved for an election. During the testimony of one of the complainants, upon order of the trial court, the State elected the two occurrences upon which it would rely for purposes of conviction on two of the five counts. No other election was made or required.[3] Hence, there was no error in allowing the State to present this evidence and to timely elect which occurrences it would rely upon for conviction. No harm analysis is required.

The State may present evidence of multiple occurrences of the charged acts. Therefore, the objected-to evidence here does not amount to evidence of extraneous offenses, and it was admissible.

---

The conviction was reversed on other grounds and acquittal was ordered. *Id.* at 683.

[2] "Election of a date different from the one alleged in the indictment will not necessarily endanger the conviction's validity."

[3] If the accused does not move for election, the State will not be required to make election. *Scoggan*, 799 S.W.2d at 680 n.3. The State's election in the present case was in response to the court's sua sponte order to elect. Appellant does not argue harm from the timing of the election.

We overrule appellant's point of error and affirm the judgment of the trial court.

Eric Andell,
Justice


Justices Duggan and Hutson-Dunn also sitting.

Publish. TEX. R. APP. 90.