TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00567-CR







Luke Lee, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT

NO. 95-462-K277, HONORABLE BURT CARNES, JUDGE PRESIDING








 In this appeal, we must decide whether the victim's testimony concerning repeated
commissions of sexual acts against a child charged in the indictment constitutes evidence of extraneous
offenses. We hold that they do not, and affirm the judgment of conviction.

 Appellant Luke Lee was indicted on three counts of first degree aggravated sexual assault
of a child and one count of second degree indecency with a child. Tex. Penal Code §§ 21.11 & 22.021
(West 1994 & Supp. 1998). Lee pleaded guilty to the count of indecency with a child and not guilty to
the remaining counts. A jury found Lee guilty on all four counts and assessed punishment at 25 years on
each of the three counts of aggravated sexual assault and 20 years on the fourth count of indecency with
a child. 

 Lee raises two points of error asserting that the trial court erred in admitting evidence of
extraneous offenses not specifically alleged in the indictment. (1) In his first point of error, Lee contends that
the trial court erroneously applied article 38.37 of the Code of Criminal Procedure in admitting the
testimonial evidence of extraneous offenses presented by the victim. Tex. Code Crim. Proc. Ann. art.
38.37 (West 1995). Specially, he argues that under its own terms, article 38.37 is not applicable in this
case because it did not take effect until September 1, 1995, 22 days after Lee's criminal proceeding
commenced with the return of his indictment on August 10, 1995. See Snellen v. State, 923 S.W.2d 238
(Tex. App.--Texarkana 1996, pet. ref'd). (2)

 The State contends that the trial court did not admit the victim's testimony under article
38.37 of the Code of Criminal Procedure, but rather found that the evidence was admissible as repeated
commissions of the offenses alleged in the indictment under supporting case law decided prior to the
effective date of article 38.37. After reviewing the record, we agree. 

 Immediately before the victim testified, the State sought a ruling pursuant to Lee's motion
in limine. The following exchange took place between the trial court and counsel regarding the admissibility
of the victim's testimony:

MS. MCCOWN: . . . There are three different allegations of aggravated sexual assault
in the indictment, but the on-going abuse occurred 15, 20, 30 times. I expect that pursuant
to Article 38.37 of the Code of Criminal Procedure that we would be allowed to go into
all of the various occasions, not necessarily on specific dates but for her to talk about the
different things he would do at different times.


. . . .


MR. BROOKSHIRE: Your Honor, my understanding of section 38.37 is that it did not
become effective until September 1, 1995. These were offenses committed prior to its
effective date, and I certainly do not think that they allow general admissibility of all
extraneous offenses pursuant to its terms.


 My thought would be certainly it may in the future allow, if you will, the State to
dump all extraneous offenses in a child sexual abuse case, but these allegations occurred
prior to its effective date, and I certainly don't think it opens the gate.


MS. MCCOWN: Actually, Judge, if I can correct Mr. Brookshire, having just recently
attended the Advanced Criminal Law Course, we've been informed that this is, I guess,
a procedural statute and that it's effective for all hearings. It does not relate strictly to
offenses which occurred after the effective date. The legislation itself provides for 38.37
to apply in any case where the trial is heard after that date. It's not limited to offenses
which occurred after that date.


THE COURT: Well, reading the -- They actually have that in my copy, the Code of
Criminal Procedure. It says it applies to any criminal proceeding that commences on or
after the effective date of this act regardless of when the offense was committed.


. . . . 


The problem is your indictment is August 10th, and the effective date of this act is
September 1.


MS. MCCOWN: Yes. But the criminal proceeding is the trial and not the indictment. Do
you see what I'm saying?


THE COURT: I understand exactly what you're saying. Do you have a case that says
that's what "criminal proceeding" means? It seems that if they meant "trial" they would
have said "trial." 


. . . .


"Criminal proceeding" in my understanding generally refers to the actual start of the criminal
proceeding being, I guess, arguably the filing of the complaint or the return of the
indictment. I'm not sure which it goes to.


. . . .


MS. MCCOWN: My other argument too would be basically the extraneous offenses are
repeated commission of the same offences. The indictment charges three different ways. 



THE COURT: If they're repeated commissions of this, I don't think there is any question
in my mind but [that] they're admissible even under the old law.


. . . .


THE COURT: Well, did I understand you to say earlier that the extraneouses other than
the one incident you told me about --


MS. MCCOWN: That's correct, Judge.


THE COURT: -- a minute ago are all -- 


MS. MCCOWN: -- repeated commission of the same offense, yes, sir.


THE COURT: Then I don't think there's a problem. I think --


MS. MCCOWN: Yeah, I think for this -- I'm sorry. I didn't mean to interrupt.


THE COURT: That's all right. I'm going to overrule the objection. Anything else?



The record reveals that the State first proffered article 38.37 of the Code of Criminal Procedure as the
basis for admission of the testimonial evidence regarding Lee's repeated sexual misconduct against the
victim. When the trial court questioned the applicability of article 38.37, the State raised an alternative
basis for admission that the evidence concerned repeated commissions of the offenses charged in the
indictment. The trial court subsequently overruled Lee's objection and admitted the evidence on the State's
alternative grounds. Because we hold the evidence is admissible, we overrule the first point of error.

 In his second point of error, Lee asserts that the victim's testimony amounted to evidence
of extraneous offenses. In particular, he focuses on the following exchange:


[STATE]: How many times would you say all this happened?


[VICTIM]: Ten or fifteen, twenty. I don't know. 



Lee contends that the victim's answer, "Ten, fifteen, twenty," was evidence of extraneous offenses, which
should not have been admitted into evidence, because the estimated number of offenses greatly exceed the
number of offenses alleged in the indictment. 

 In support of his contention, Lee relies on the holding in Vernon v. State, 841 S.W.2d 407
(Tex. Crim. App. 1992). Vernon can be distinguished from the instant case. In Vernon, the defendant
was indicted and convicted of aggravated sexual assault for digital penetration of the sexual organ of his
13-year-old stepdaughter. Id. at 408. At trial, testimonial evidence was presented of prior "similar"
instances of sexual abuse involving fondling, a separate and distinct act that falls within the category of
indecency with a child by contact for which the defendant could be prosecuted under section 21.11 of the
Texas Penal Code. The indictment in Vernon alleged digital penetration only, not fondling. Thus, the
Texas Court of Criminal Appeals found that the fondling offenses were unalleged and extraneous. Id. at
411.

 The facts in the instant case follow closely with those in Worley v. State, 870 S.W.2d 620
(Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). In Worley, the defendant was indicted for both
aggravated sexual assault of a child and indecency with a child. On appeal, he complained that the victim's
testimony that the defendant had touched him in a sexual way "over a hundred times" was evidence of
extraneous offenses. Id. at 621. The court of appeals found that the victim never testified to any offenses
outside the indictment. Id. at 622. See also Hernandez v. State, 817 S.W.2d 744, 746 (Tex.
App.--Houston [1st Dist.] 1991, no pet.) ("An extraneous offense is any act of misconduct, whether
resulting in prosecution or not, which is not shown in the charging instrument and which was shown to have
been committed by the accused."). Taking the victim's statement in context, the court concluded that the
testimonial evidence amounted to multiple occurrences of the same conduct committed against the same
victim. Id. See also Crawford v. State, 696 S.W.2d 903, 906 (Tex. Crim. App. 1985).

 Unlike Vernon, the objected-to testimony in the instant case consists of acts that were
alleged in the indictment. Like Worley, the only differences between the indictment and the objected-to
evidence are the dates of the occurrences. The indictment in this case charged that Lee committed single
acts of aggravated sexual assault "on or about" the "18th day of January, A.D. 1995," the "15th day of
February, A.D. 1995," and the "15th day of March, A.D. 1995." The indictment also charged Lee with
indecency with a child by sexual contact "on or about the 7th day of June, A.D. 1995." When the
indictment alleges that a crime occurred "on or about" a particular date, the State may present evidence
of the offense being committed at any time "anterior to the presentment of the indictment and within the
statutory limitations period." Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). If
requested, the State must elect which of the instances of the charged acts it will rely upon for purposes of
conviction. Worley, 870 S.W.2d at 622 (citing Scoggan v. State, 799 S.W.2d 679, 680 n.3 (Tex. Crim.
App. 1990)). "A variance in the date between the indictment and the evidence will not invalidate an
indictment." Id. Lee never moved for an election; hence, there was no error in allowing the State to
present the victim's testimony of multiple occurrences of the alleged offenses in this case. 

 The State properly presented evidence of multiple occurrences of the same offenses against
the same victim as those alleged in the indictment. Therefore, we hold that the objected-to testimonial
evidence is admissible in this case and does not amount to evidence of inadmissible extraneous offenses. 
We overrule Lee's two points of error and affirm the judgment of conviction.



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: June 18, 1998

Do Not Publish
1. The State argues that Lee failed to preserve error on appeal by (1) failing to make a specific objection
under 404(b) and 403 of the Rules of Criminal Evidence, and (2) improperly presenting a running objection
to the "extraneouses." From our review of the record we conclude that Lee adequately preserved his
complaint through his objection and the trial court's ruling on the admission of the objected-to testimony
in this case. 
2. Section 48(b) of the enacting legislation provides that article 38.37 "applies to any criminal proceeding
that commences on or after the effective date of [the] Act." Act of May 29, 1995, 74th Leg., R.S., ch.
318, § 48(b), 1995 Tex. Gen. Laws 2734, 2749 (not codified).



lls within the category of
indecency with a child by contact for which the defendant could be prosecuted under section 21.11 of the
Texas Penal Code. The indictment in Vernon alleged digital penetration only, not fondling. Thus, the
Texas Court of Criminal Appeals found that the fondling offenses were unalleged and extraneous. Id. at
411.

 The facts in the instant case follow closely with those in Worley v. State, 870 S.W.2d 620
(Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). In Worley, the defendant was indicted for both
aggravated sexual assault of a child and indecency with a child. On appeal, he complained that the victim's
testimony that the defendant had touched him in a sexual way "over a hundred times" was evidence of
extraneous offenses. Id. at 621. The court of appeals found that the victim never testified to any offenses
outside the indictment. Id. at 622. See also Hernandez v. State, 817 S.W.2d 744, 746 (Tex.
App.--Houston [1st Dist.] 1991, no pet.) ("An extraneous offense is any act of misconduct, whether
resulting in prosecution or not, which is not shown in the charging instrument and which was shown to have
been committed by the accused."). Taking the victim's statement in context, the court concluded that the
testimonial evidence amounted to multiple occurrences of the same conduct committed against the same
victim. Id. See also Crawford v. State, 696 S.W.2d 903, 906 (Tex. Crim. App. 1985).

 Unlike Vernon, the objected-to testimony in the instant case consists of acts that were
alleged in the indictment. Like Worley, the only differences between the indictment and the objected-to
evidence are the dates of the occurrences. The indictment in this case charged that Lee committed single
acts of aggravated sexual assault "on or about" the "18th day of January, A.D. 1995," the "15th day of
February, A.D. 1995," and the "15th day of March, A.D. 1995." The indictment also charged Lee with
indecency with a child by sexual contact "on or about the 7th day of June, A.D. 1995." When the
indictment alleges that a crime occurred "on or about" a particular date, the State may present evidence
of the offense being committed at any time "anterior to the presentment of the indictment and within the
statutory limitations period." Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). If
requested, the State must elect which of the instances of the charged acts it will rely upon for purposes of
conviction. Worley, 870 S.W.2d at 622 (citing Scoggan v. State, 799 S.W.2d 679, 680 n.3 (Tex. Crim.
App. 1990)). "A variance in the date between the indictment and the evidence will not invalidate an
indictment." Id. Lee never moved for an election;