In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00008-CR


______________________________




TIMOTHY CLYDE WILSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 252nd Judicial District Court


Jefferson County, Texas


Trial Court No.73806




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Timothy Wilson appeals from his conviction for aggravated sexual assault on a child. A jury
convicted Wilson and assessed his punishment at fifteen years' imprisonment. Wilson was
represented by appointed counsel, who filed a brief in which he concluded the appeal was frivolous. 
We discussed that brief in detail in an Order published at Wilson v. State, 40 S.W.3d 192 (Tex.
App.-Texarkana 2001, order). In that Order, after an extensive discussion setting out the proper
procedures to follow in appeals where counsel asserts the appeal is without merit, we granted
counsel's motion to withdraw, but then ordered that new counsel be appointed and the appeal
rebriefed. 

 Counsel for Wilson raises a single contention of error on appeal: that Wilson did not receive
effective assistance of counsel at trial. He grounds his argument on trial counsel's failure to object
to the introduction of evidence of a number of extraneous sexual offenses and defense counsel's
introduction of otherwise inadmissible evidence about prosecutions of Wilson and another defense
witness for nonsexual offenses that occurred over ten years before this trial. 

 The standard of testing claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for Texas
constitutional claims in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). To prevail on
this claim, the appellant must prove by a preponderance of the evidence (1) that his or her counsel's
representation fell below an objective standard of reasonableness and (2) that the deficient
performance prejudiced his or her defense. Strickland, 466 U.S. at 688; Rosales v. State, 4 S.W.3d
228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant must prove that his or her
attorney's representation fell below the standard of prevailing professional norms and that there is
a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been
different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under this standard, a
claimant must prove that counsel's representation so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having produced a just result. Strickland, 466
U.S. at 686. 

 Our review of counsel's representation is highly deferential, and we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. 
Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712. This court will not second-guess through
hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued
a different course support a finding of ineffectiveness. Blott v. State, 588 S.W.2d 588, 592 (Tex.
Crim. App. 1979). That another attorney, including appellant's counsel on appeal, might have
pursued a different course of action does not necessarily indicate ineffective assistance. Harner v.
State, 997 S.W.2d 695, 704 (Tex. App.-Texarkana 1999, no pet.). Any allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

 As far as strategic or tactical reasons for counsel's action or inaction, in the absence of direct
evidence of counsel's reasons for the challenged conduct, an appellate court will assume a strategic
motivation if any can be imagined. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). 
We will not conclude the challenged conduct constitutes deficient performance unless the conduct
was so outrageous that no competent attorney would have engaged in it. Id.; see Thompson, 9
S.W.3d at 814.

 The burden is on the appellant to overcome that presumption by identifying the acts or
omissions of counsel that are alleged to have constituted the ineffective assistance and then
affirmatively prove that they fall below the professional norm for reasonableness. Jackson v. State,
973 S.W.2d 954 (Tex. Crim. App. 1998). Then, the appellant must prove that counsel's errors,
judged by the totality of the representation, denied him a fair trial. Merely showing they had some
conceivable effect on the proceedings is inadequate. Strickland, 466 U.S. at 693.

 With this heavy burden in mind, we now turn to the issues raised in this case. The indictment
alleged that Wilson had caused C.R. to engage in oral sex with him by causing the penetration of her
mouth with his sexual organ while she was under fourteen years of age; a second count alleged that
Wilson had caused his male sexual organ to contact her sexual organ, again while she was under
fourteen years of age. The language used in the first count is critical to the contentions raised in this
appeal. The dates of the alleged acts were both set as on or about July 15, 1989, eight years before
the date of the indictment. Wilson's trial counsel filed a pretrial motion asking the court to order the
State to elect on which act it was relying in this case. The court denied the motion. (1)

 Wilson is described as the common-law husband of C.R.'s mother, and there is testimony
they had lived together, except for one relatively short period of time, for about fifteen years. C.R.
was a small child when Wilson and C.R.'s mother first began living together. At the time of trial,
she was seventeen years old. The undisputed evidence is that Wilson is physiologically incapable
of attaining an erection because of severe and long-standing kidney damage. (2) He was on a kidney
transplant list at the time of the trial and undergoes dialysis three times a week. He was medically
described as having "end stage renal disease" and is a "brittle diabetic." Without going into the
details set out at trial, C.R. testified Wilson had at various times engaged in oral sex with her, had
caused her to engage in oral sex with him, and had attempted intercourse at various times during the
late 1980's and early 1990's. She testified he did not achieve an erection or penetration during any
of these activities. There was corroboration of some of the situations described by C.R. in the form
of testimony by her older brother, who saw some of the acts occur. Wilson testified he never did any
of the things of which C.R. accused him.

 Wilson first argues counsel was ineffective because, on numerous occasions, he did not
object to testimony about extraneous offenses, and because he introduced testimony about Wilson's
criminal history that was otherwise inadmissible.

 An extraneous offense is defined as any act of misconduct, whether resulting in prosecution,
which is not shown in the charging instrument and which was shown to have been committed by the
accused. Rankin v. State, 953 S.W.2d 740, 741 (Tex. Crim. App. 1996); Hernandez v. State, 817
S.W.2d 744, 746 (Tex. App.-Houston [1st Dist.] 1991, no pet.). A number of acts of sexual
misconduct were presented by the State that did not match in any respect the allegation made in the
indictment: that Wilson had rubbed his penis in C.R.'s hair and that he had engaged in oral sex with
her. 

 The State may introduce evidence of multiple occurrences of the acts alleged in the
indictment, even if the evidence shows such acts were committed on different dates from the dates
shown in the indictment. The cases justify this holding by concluding that testimony that the same
sexual act occurred multiple times does not describe an extraneous offense, but merely quantifies
its occurrence. Brown v. State, 6 S.W.3d 571, 576 (Tex. App.-Tyler 1999, pet. ref'd); Worley v.
State, 870 S.W.2d 620, 622 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd); see Sledge v. State, 953
S.W.2d 253, 256 (Tex. Crim. App. 1997).

 The facts in this case do not bring it within the rule set out above. This situation is closer to
that described in Vernon v. State, 841 S.W.2d 407 (Tex. Crim. App. 1992). The Vernon case
involved "unalleged similar acts of sexual abuse." Id. at 410. Vernon was convicted of aggravated
sexual assault for "putting his finger into the sexual organ of his 13-year-old step-daughter." Id. at
408. The "similar" acts of sexual abuse were multiple instances of the appellant fondling his
stepdaughter over a period of several years. Id. at 410. Fondling and penetration are distinct acts
that may be separately prosecuted under different sections of the Texas Penal Code. (3) The Vernon
indictment charged the accused with digital penetration only, not with prior instances of external
touching. Hence, the external touching offenses were unalleged and extraneous. Id. at 411; Worley,
870 S.W.2d at 621.

 In this case, Wilson was charged with causing penetration of C.R.'s mouth with his sexual
organ. C.R. related several instances in which this occurred. Those were admissible for the reasons
stated above and thus were not subject to objection as an extraneous offense. C.R. also related
several instances in which Wilson attempted to have sex with her, but failed to penetrate her. Those
complaints would have been objectionable except that a count in the indictment alleged he had
assaulted C.R. by causing her sexual organ to contact his sexual organ. The evidence was supportive
of that allegation, and the testimony was therefore also not objectionable as an extraneous offense. 


 However, this is only a small portion of the evidence presented by the State at trial. C.R.
testified to several acts that would constitute exposure by Wilson and related two events in detail in
which Wilson had performed oral sex on her, as well as making the general statement that these
kinds of things were ongoing. C.R. also testified about two episodes in which Wilson touched her
vagina and anus, and his repeated and unsuccessful attempts to penetrate her anus and vagina with
his sex organ. There was also testimony that Wilson had rubbed his penis in her hair. Her brother
testified he saw this happen. Her brother also testified he had seen C.R., naked, sitting on the
midsection of Wilson, who was also naked.

 None of these acts are acts on which a conviction could be obtained under the indictment as
written in this case. Thus, they are by definition extraneous offenses and would normally be subject
to proper objection. 

 We also recognize, however, that by statute evidence of other acts committed by a defendant
against a child who is the victim of aggravated sexual assault or indecency with a child is admissible
to prove such matters as the defendant's state of mind or the previous relationship between the
defendant and the child. Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (Vernon Supp. 2002); 
Gutierrez v. State, 8 S.W.3d 739, 749-50 (Tex. App.-Austin 1999, no pet.). The statute controls
over the more restrictive reading of Tex. R. Evid. 404 and 405 and has been interpreted broadly to
allow the state to introduce evidence describing the circumstances surrounding the alleged acts. See
Ernst v. State, 971 S.W.2d 698 (Tex. App.-Austin 1998, no pet.). We conclude counsel's failure to
object to admissible evidence did not constitute ineffective assistance.

 Wilson further contends that trial counsel's introduction of his past criminal history-when
the acts involved were so remote as to be inadmissible-justifies a finding that counsel was
constitutionally inadequate. When Wilson took the stand, his counsel asked him about four prior
arrests, once for an insufficient fund check, twice for unlawfully carrying a weapon, and once for
possession of marihuana (for which he successfully served community supervision and paid a fine). 
Counsel went into great detail about these offenses, showing that each would have been a
misdemeanor, and then eliciting testimony from Wilson that he believed would exonerate him. 
Because the door had been opened, the State went through it and then explored the prior offenses
as well. Each of the arrests had occurred over ten years earlier. 

 Appellate counsel argues that Tex. R. Evid. 609(b) would have absolutely prevented the
admission of any of this evidence. Tex. R. Evid. 608 provides, in the context of reputation evidence
of character, that specific instances of conduct cannot be inquired into on cross-examination except
as set out in Rule 609. Rule 609 provides that evidence of a witness's prior conviction shall be
admitted for purposes of impeachment if the crime was a felony or a crime of moral turpitude and
the court determines the probative value of admitting the evidence of the conviction outweighs its
prejudicial effect. Tex. R. Evid. 609(a). However, such evidence is not admissible if more than ten
years has elapsed since the date of the conviction or the witness's release from confinement,
whichever is later, unless the court determines, in the interest of justice, that the probative value of
the conviction supported by specific facts and circumstances substantially outweighs its prejudicial
effect. Tex. R. Evid. 609(b). Three of the events involved were arrests, not convictions, and the
marihuana possession conviction was a misdemeanor. (4) Thus, this evidence was not admissible under
this rule. Generally, a witness's credibility cannot be impeached with prior acts of misconduct unless
the misconduct resulted in a final conviction of a felony offense or a crime of moral turpitude. See
Tex. R. Evid. 608(b), 609(a); Veteto v. State, 8 S.W.3d 805, 815 (Tex. App.-Waco 2000, pet. ref'd). 
Neither situation existed in this case. (5) 

 The State does not contend there is any basis on which it could have introduced this evidence
itself. Rather, it argues simply that counsel was otherwise competent and that this single error does
not constitute ineffective assistance. 

 We conclude that the introduction of this otherwise inadmissible evidence by defense counsel
was ineffective assistance of counsel. The remaining question is whether the error is such that it
caused the representation as a whole to fall below the standard of prevailing professional norms and
that there is a reasonable probability that, but for his attorney's deficiency, the result of the trial
would have been different. 

 In making this determination, as far as strategic or tactical reasons for counsel's action or
inaction, in the absence of direct evidence of counsel's reasons for the challenged conduct, an
appellate court is to assume a strategic motivation if any can be imagined. Garcia, 57 S.W.3d at
441. Further, we are not to conclude the challenged conduct constitutes deficient performance unless
the conduct was so outrageous that no competent attorney would have engaged in it. Id.; see
Thompson, 9 S.W.3d at 814.

 With the exception of this sequence of questions, counsel has directed us to no apparent
misdeed by trial counsel. Our review of the record indicates that counsel did make an effort to
present evidence in support of his client and that his conduct of voir dire and his examination of
witnesses were reasonably competently performed. 

 The question before this court is whether defense counsel's decision to introduce otherwise
inadmissible testimony about the defendant's criminal history can meet some amorphous test of
tactical value. It does not. Often a defendant may attempt to introduce such evidence in an attempt
to show the jury that he or she is being honest and straightforward in his or her defense when he or
she is aware the state will introduce the evidence. However, there is no conceivable reason for
defense counsel to introduce such evidence when it could not be introduced by the state. We further
conclude this is so outrageous an act that no competent attorney would have engaged in it. We
conclude that in this instance, there is no imaginable reason for its introduction. On this point, then,
we find it unnecessary to require the defendant to wait until some possible habeas claim for this issue
to be adequately addressed.

 The first prong of Strickland has been met. The remaining question is whether this error is
such that there is a reasonable probability that, but for his attorney's deficiency, the result of the trial
would have been different. 

 In light of our review of the remainder of the trial proceedings, counsel's conduct of voir dire,
and the trial, as well as from our review of the evidence of Wilson's guilt that was properly presented
to the jury, we cannot conclude there is a reasonable probability that counsel's deficiencies as set out
above were such as to allow us to find a reasonable probability that without the deficiencies, the
result would have been different. The contention of error is overruled.

 The judgment is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: March 12, 2002

Date Decided: May 16, 2002


Do Not Publish
1. Wilson had been simultaneously indicted under three additional cause numbers for other
sexual assaults. Handwritten on a "notice of resetting" is a comment indicating the other three cases
were dismissed because of double jeopardy.
2. There is evidence that by using a direct injection into the penis, he can sustain an erection.
3. Fondling falls within the category of indecency with a child by contact and is prosecutable
under Tex. Pen. Code Ann. § 21.11 (Vernon Supp. 2002). Penetration belongs under the heading
of aggravated sexual assault, prosecutable under Tex. Pen. Code Ann. § 22.021 (Vernon Supp.
2002). 
4. Misdemeanor marihuana possession has never been treated as a crime of moral turpitude in
Texas. See In re Lock, 54 S.W.3d 305 (Tex. 2001); Hernandez v. State, 976 S.W.2d 753, 756 (Tex.
App.-Houston [1st Dist.]), pet. denied, 980 S.W.2d 652 (Tex. Crim. App. 1998). 
5. An exception to this general rule also arises when the defendant, during direct examination,
leaves a false impression as to the extent of either his (1) arrests, (2) convictions, (3) charges, or (4)
"trouble" with the police. Prescott v. State, 744 S.W.2d 128, 131 (Tex. Crim. App. 1988); Turner
v. State, 4 S.W.3d 74, 79 (Tex. App.-Waco 1999, no pet.); Anaya v. State, 988 S.W.2d 823, 825
(Tex. App.-Amarillo 1999, no pet.). That exception does not apply in this case.