Affirmed and Memorandum Opinion filed July 26, 2005









Affirmed and Memorandum Opinion filed July 26, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00373-CR

____________

 

CHARLES
CHRISTOPHER BAKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 44,
234

 



 

M E M O R A N D U M   O P I N I O N

Charles Christopher Baker appeals his
conviction for the sexual assault of a child, his stepsister S.O., for which
the jury sentenced him to five years=
imprisonment.  In four issues, appellant
claims that the trial court abused its discretion: by failing to strike a juror
for cause; by allowing evidence of the appellant=s prior sexual
assaults of S.O.; by denying appellant=s request for a
mistrial; and by admitting certain photographs of S.O.  We affirm.








Background

Appellant=s father and S.O.=s mother married
in 1999.  That same year, S.O. moved to
Las Vegas, Nevada to live with her mother, stepfather, and appellant.  S.O. was twelve at the time; appellant was
sixteen.  Appellant allegedly sexually
assaulted S.O. numerous times in Las Vegas, raping her, forcing her to watch
pornography with him, and forcing her to perform oral sex on him.  

In November of 2000, S.O. and her mother
left Nevada and moved to Texas.  The
sexual assaults abated from that time until December of 2001, when appellant
once again took up residence with the family.[1]  The first of the Texas assaults allegedly
began when appellant forced S.O. to perform oral sex on him in a vehicle.  At that time, S.O. was fifteen years old.  After that incident, appellant continued to
force her to watch pornography and/or have sex with him.  The Texas assaults ended in February of 2002,
when S.O. and her mother moved out of the house. S.O.=s mother and
stepfather later divorced. 

In April of 2002, while receiving
treatment at a mental health facility, S.O. told a worker at the facility that
she had been sexually assaulted by appellant. 
She later testified that she had told no one for fear of what her
stepfather might do to her mother. 
Appellant was arrested, indicted, and after a three-day jury trial,
found guilty of sexual assault of a child. 
The jury sentenced him to five years in prison.

Challenge for Cause








In his first issue, appellant argues that
the trial court erred when it denied his challenge for cause against venireperson
Chaille Knape.  Specifically, appellant
alleges that Knape was biased as a result of her close friendship with a woman
whose brother had sexually abused her. 
Appellant exercised a peremptory strike against Knape after the court
refused his challenge for cause.  The
record also reveals that appellant exercised all of his peremptory strikes,
that his request for an additional peremptory strike was refused, and that had
he been granted an additional strike he would have used it against a juror whom
he found objectionable and who was seated on the jury.  This was sufficient to preserve the issue of
the denial of his challenge for cause for review.  See Chambers v. State, 866 S.W.2d 9,
23 (Tex. Crim. App. 1993); Demouchette v. State, 731 S.W.2d 75, 83 (Tex.
Crim. App. 1986). Reversal is required if it is shown the denial of the
challenge for cause was error.  Chambers,
866 S.W.2d at 23.

Article 35.16(a)(9) authorizes either the
State or the defendant to challenge for cause any venireperson who has a bias
or prejudice in favor of or against the defendant.  Tex.
Code Crim. Proc. Ann. art. 35.16(a)(9) (Vernon 2004).  The trial court has discretion in ruling on
challenges for cause, and its rulings will not be upset on appeal absent an
abuse of that discretion.  Ladd v.
State, 3 S.W.3d 547, 559 (Tex. Crim. App. 1999); Banda v. State, 890
S.W.2d 42, 53‑54 (Tex. Crim. App. 1994). 
We must examine the record as a whole to determine whether there is
support for the trial court=s rulings, and, in
doing so, we must give deference to the trial court, which was in a position to
actually see and hear the venireperson. Ladd, 3 S.W.3d at 559; see
also Penry v. State, 903 S.W.2d 715, 728 (Tex. Crim. App. 1995) (stating
that when a denial or grant of a challenge for cause is concerned, great
deference is given to the trial court due to its ability to consider factors
such as demeanor and tone of voice, which are not readily gleaned from a cold
record).

During voir dire, the following exchange
took place between appellant=s counsel, Dennis
Smith, and venireperson Knape:

KNAPE:       I have a very dear friend with whom I
have workedCI worked with her about 15 years in
an ObGyn practiceCwho had been assaulted by her
brother repeatedly for about six years and by hisCone of his friends.  And there were some long-term emotional and
marital problems as a result of that.

SMITH:        Okay. 
This is something that happened a long time agoC

KNAPE:       Uh-huh.

SMITH:        Cand that you later found out about?








KNAPE:       She was a teenager.

SMITH:        Okay. 
Is there anything about that sort of experienceCknowing that sort of experience
that might cause you to have a bias against a person charged with this type of
offense?

KNAPE:       Maybe.

SMITH:        Well, that Amaybe@ word, that=s whatC

KNAPE:       Yeah, I know.  You would hope that it wouldn=t; but this was a very, very close
friend.  She had a lot of problems.

SMITH:        And I can understand that.  Now, let me just ask you this:  Would it be better to err on the side of
caution and say that it would cause you a bias?

KNAPE:       I
would think so.   

The voir dire examination of other veniremembers
continued, after which the court first granted appellant=s for-cause
challenge of Knape.  After the State
protested, the court agreed to recall Knape to the stand.  During Knape=s re-examination,
the State (and the court) attempted to have Knape clarify her answer to the bias
question.  After a lengthy conversation,
the following colloquy ensued:

COURT:       The question is: Are you biased against
an accused person B just by virtue of the fact they=ve been accused of that crime B to the extent that that would
cause you to B that you would go in with some of
that presumption of innocence already eroded?

KNAPE:       No.

COURT:       You see what I=m talking about? 

KNAPE:       No, I just B I just don=t like that crime.

COURT:       Okay.

KNAPE:       But I don=t know that he did it.

COURT:       Okay. 
Well, what=s your position now?  What do you have to B what position do you have to take
right now if you were selected on this panel?

KNAPE:       Listen and see what the case is.

COURT:       Well, is he guilty right now?

KNAPE:       No.

COURT:       What is he right now?








KNAPE:       He=s innocent.

COURT:       Presumed to be innocent, correct, until
when?

KNAPE:       Until it=s proven beyond a reasonable doubt.

COURT:       Until and if, right?

KNAPE:       Right.   

When a potential juror vacillates on the
question of her ability to follow the law as it pertains to her role in a
criminal proceeding, we will defer to the finding of the trial court.[2]  Although Knape's initial response was
troublesome, it did not rise to the level of articulating a clear bias.  Furthermore, once Knape was given a chance to
clarify her position, she articulated a bias against the crime of child
sexual abuse, but also was consistent in demonstrating her ability to hear the
case without prejudice against the defendant.  In Smith v. State, the Court of
Criminal Appeals articulated a difference between bias against the crime and
bias against the defendant.  907 S.W.2d
522, 530 (Tex. Crim. App. 1995).  Here,
we believe that Knape=s bias against the crime did not cause her
to be biased against the appellant.

Looking at the totality of the voir dire
record, we find that the trial court did not err in overruling appellant=s challenge for
cause.   See Smith, 907 S.W.2d at
529.  Appellant=s first issue is
overruled. 

Extraneous Offenses

In his second issue, appellant argues that
the trial court abused its discretion in admitting extraneous offense testimony
pursuant to Article 38.37 of the Code of Criminal Procedure.  Appellant claims that, regardless of its admissibility
under Article 38.37, the prejudicial effect of the testimony outweighed its
probative value under Rule 403 of the Texas Rules of Evidence.  We disagree.








We review a trial court=s decision to
admit evidence of extraneous offenses under an abuse of discretion
standard.  Hinojosa v. State, 995
S.W.2d 955, 957B58 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  Article 38.37 of
the Code of Criminal Procedure provides as follows: 

Sec. 2          Notwithstanding Rules 404 and 405,
Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts
committed by the defendant against the child who is the victim of the alleged
offense shall be admitted for its bearing on relevant matters, including 

(1)     the state of mind of the defendant and the
child; and

(2)     the
previous and subsequent relationship between the defendant and the child.   

Tex. Code Crim. Proc. Ann. art. 38.37
(Vernon 2005).  Evidence admissible under
the section is still subject to the restrictions of Rule 403 of the Texas Rules
of Evidence; however, the trial court is given wide latitude to admit or
exclude evidence of extraneous offenses. 
Hinojosa, 995 S.W.2d at 957B58.

Prior to trial, the court conducted a
hearing to determine whether the evidence of the prior sexual contact between
appellant and S.O. would be admissible. 
The trial court performed the required balancing test and held that it
was admissible under both Rule 403 and Article 38.37.  At trial, S.O. testified about the numerous
times that she had been forced to have sex with or perform oral sex on
appellant.  These offenses occurred over
several years, both in Texas and in Nevada.








As a threshold matter, the State correctly
points out that multiple instances of the charged offense on the same victim
are not extraneous offenses as long as the acts shown are not so remote in time
that the limitations period has expired and that the acts shown did not occur
after the presentation of the indictment. 
Worley v. State, 870 S.W.2d 620, 622 (Tex. App.CHouston [1st
Dist.] 1994, pet ref'd) (citing Crawford v. State, 696 S.W.2d 903, 906
(Tex. Crim. App. 1985)).  By contrast, an
extraneous offense is defined as Aany act of
misconduct, whether resulting in prosecution or not, that is not shown in
the charging  papers.@  Rankin v. State, 953 S.W.2d 740, 748
(Tex. Crim. App. 1996) (emphasis in original). 
The multiple sexual assaults involving intercourse occurring in Texas to
which S.O. testified were shown in the charging papers and therefore were not
extraneous offenses subject to scrutiny under Article 38.37 and Rule 403=s balancing test.

Turning next to the Nevada sexual assaults
and the Texas sexual assaults not involving intercourse, we find that the trial
court did not abuse its discretion in admitting the evidence of the extraneous
offenses.  As was the extraneous offense
testimony in Hinojosa,  S.O.=s testimony
regarding the earlier offenses was probative in establishing her state of mind
and that of appellant.  See Hinojosa,
995 S.W.2d at 957.  It also tended to
show that 1) appellant had the necessary intent and the ability to commit the
offenses and 2) S.O. was compelled to acquiesce.  See id; see also McCulloch v. State,
39 S.W.3d 678, 682 (Tex. App.CBeaumont 2001,
pet. ref=d); Walker v.
State, 4 S.W.3d 98, 103 (Tex. App.CWaco 1999, pet.
ref=d); Poole v.
State, 974 S.W.2d 892, 897B98 (Tex. App.CAustin 1998, pet.
ref=d).  We therefore find that the probative value of
the evidence was not substantially outweighed by its prejudicial effect;
appellant=s second issue is overruled.

Denial of Mistrial

In his third issue, appellant asserts that
the trial court erred in denying his request for a mistrial. During redirect
examination of S.O., the State asked S.O. why she did not tell therapists about
the sexual assaults. She responded that she was afraid of appellant and that he
terrified her. The following exchange then took place:

STATE:        And how long did that last where you
were the only child in the home?

S.O.:            For over B over half the year of my school
year.

STATE:        Okay. And even that time when you were
the only person there in the home, were you still afraid of him?

S.O.:            I was afraid of him and Chuck
[appellant=s father]. 

STATE:        And why were you afraid of him?








S.O.:            Because they were intimidating, and
I was afraid of what Chuck and Charles might do.          

STATE:        What do you mean by that?

S.O.:            Chuck would hurt my mom. 

SMITH:        Objection. That=s irrelevant, Your Honor.

COURT:       I=ll sustain that. 

SMITH:        I ask that that answer be stricken from
the record, that you instruct the jury to disregard that answer, please, and B

COURT:       I=ll do that.

STATE:        Your Honor B I=m sorry. Go ahead.

SMITH:        And move for a mistrial.

COURT:       I=ll deny that.   

Appellant complains that pursuant to Texas Rules of
Evidence 403, the probative value of S.O.=s testimony was substantially outweighed by the
danger of unfair prejudice, necessitating a mistrial.  See Tex.
R. Evid. 403.  We disagree, finding that the appellant did not
properly preserve this issue for appeal. 

A trial court=s denial of a
mistrial is reviewed under an abuse of discretion standard. State v.
Gonzalez, 855 S.W.2d 692, 695 (Tex. Crim. App. 1993).  However, to preserve a complaint for
appellate review, an objection must be sufficiently specific to make the trial
court aware of the complaint. Tex.
R. App. Proc. 33.1.  If an
appellant=s trial objections do not comport with his
arguments on appeal, appellant has failed to preserve error on those
issues.  Goff v. State, 931 S.W.2d
537, 551 (Tex. Crim. App. 1996).  A Rule 403 objection is not
implicitly contained within a relevancy objection.  Montgomery v. State, 810 S.W.2d 372, 388
(Tex. Crim. App. 1990) (op. on reh=g).  Rather, a separate Rule 403 objection must be
lodged to preserve the error.  Id. 








Here, the State correctly argues that the
appellant has failed to preserve error under Rule 403.  Appellant only objected to the relevancy of
S.O.=s testimony concerning her fear of appellant=s father; his
objection alone is insufficient to preserve error under Rule 403. Therefore,
because appellant failed to make a specific Rule 403 objection, we find that
this issue was not preserved for appeal. 
See Tex. R. App. P. 33.1;
Goff, 931 S.W.2d at 551.

We overrule appellant=s issue number
three.

Admissibility of Photographs

In his fourth issue, appellant claims that
the trial court erred in admitting two photographs of S.O.  The photographs were of a much younger S.O,
taken at the age at which appellant allegedly began abusing her.  Appellant asserts that the photographs were
irrelevant and unfairly prejudicial.  

A photograph is relevant if it has any
tendency to make the existence of any fact that is of consequence to the
determination of the action more or less probable than it would be without the
evidence.  Tex. R. Evid. 401; see also Penry, 903 S.W.2d at
751.  We review the trial court=s decision to
admit photographs into evidence under an abuse of discretion standard.  Penry, 903 S.W.2d at 751.  AEvidence need not
by itself prove or disprove a particular fact to be relevant; it is sufficient
if the evidence provides a small nudge toward proving or disproving some fact
of consequence.@  Stewart v. State, 129 S.W.3d
93, 96 (Tex. Crim. App. 2004).  Our
review shows that the trial court was justified in finding the photographs
relevant to material issues in this case.

Appellant suggested at trial that S.O.=s failure to make
outcry at the onset of the abuse indicated that she had fabricated the
allegations against appellant.  S.O.=s credibility thus
was a material issue in this case that was of consequence to the determination
of the action. 








When she and her mother moved in with
appellant in Las Vegas, S.O. was twelve years old.  S.O. testified that one picture was taken of
her when she was Aten or eleven@ and that the other picture was taken of her at age eleven, around the
time she turned twelve.  Although the
pictures were taken before she and her mother moved in with appellant, we do
not find that the difference between her age in the photographs and the age at
which the assaults began was enough to render the photographs irrelevant.  Because S.O. was in high school when she
testified, showing pictures of her at an earlier age, when intimidation by or
fear of adults or others would be greater, served to assist the jury in
understanding her mindset at age twelve. 
The admission of the photographs therefore provided the requisite Anudge@ toward
establishing S.O.=s credibility when she claimed that she did not tell anyone about the
abuse because of her fear of appellant and what he might do to her.  See Stewart, 129 S.W.3d at 96.[3]  

We therefore find that the trial judge did not abuse his
discretion in admitting the photographs; we overrule appellant=s fourth point of
error.

We affirm the judgment of the trial court.

 

 

 

 

 

/s/      Adele
Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Opinion filed July 26, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant=s father and S.O.=s mother
separated for a period of time, beginning when S.O. and her mother left
Nevada.  The couple reconciled and moved
back in together in Texas.





[2]  AA vacillating veniremember is one who gives
contradictory responses to those voir dire questions which test the
veniremember's ability to follow the legal mandates set by the Legislature and
by the holdings of this Court.@  Howard v.
State, 941 S.W.2d 102, 107 (Tex. Crim. App. 1996).  





[3]  At trial,
appellant objected to the admission of the photographs only on a basis of
irrelevance.  Since he failed to raise a
Rule 403 objection, he has not preserved that issue for our review.  See Tex.
R. App. P. 33.1; Penry, 903 S.W.2d at 751.