**Domingo Rivera HERNANDEZ,
Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 03–97–00307–CR.

Court of Appeals of Texas,
Austin.

Aug. 13, 1998.

David B. Fannin, Austin, for Appellant.

Ronald Earle, Dist. Atty., Lisa Dotin Stewart, Asst. Dist. Atty., Austin, for State.

Before POWERS, KIDD and B.A. SMITH, JJ.

KIDD, Justice.

A jury convicted Domingo Rivera Hernandez of aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure. Tex. Penal Code Ann. §§ 22.021(a)(1)(B), 21.11(a)(1), & 21.11(a)(2) (West 1994 & Supp.1998). The court assessed punishment at terms of imprisonment of fifty, forty, and twenty years for the respective offenses. Hernandez challenges the admission of testimony from more than one outcry witness and the admission of testimony about an extraneous offense. We will affirm the judgment.

## KEY TESTIMONY

Several witnesses testified at trial. The testimony disputed on appeal came from Cynthia Cantu, the Child Protective Services worker who interviewed the complaining witness, and from a boy who was not the complaining witness. In addition to their testimony, we must also review the testimony of the victim, his mother, and another boy to resolve the dispute.

The victim, who was twelve years old at the time of trial, testified that Hernandez "molested" him on numerous occasions, beginning when the victim was in third grade and lasting until he was in fifth grade. The victim testified that once, while he was urinating in Hernandez's bathroom, Hernandez put his arms around the victim, rubbed the victim's stomach, and started breathing hard. The victim asked if he could take a shower, and Hernandez joined him. Hernandez began rubbing the victim's stomach again, then stuck his penis between the victim's legs. As Hernandez rubbed his penis between the victim's legs, Hernandez's penis touched the victim's anus. Hernandez masturbated in the boy's presence more than once. The victim testified that Hernandez also drove the victim in his truck to the woods near a lake more than once; on one occasion, Her-

nandez masturbated while they were smoking cigarettes and on another Hernandez sucked the victim's penis. Yet another time at Hernandez's apartment, Hernandez and the victim played hide-and-seek naked, which led to other indecent acts. The victim described still other instances supporting all three charges. Hernandez gave the victim $5 after at least one incident and told the victim that if he told anyone about their activities, Hernandez would go to jail or die.

The State introduced two outcry witnesses. The victim's mother testified regarding the incident in the woods. Her recounting matched the details of the victim's story relevant to the criminal charge; she also overheard him telling a deputy that Hernandez assaulted him at his apartment. Cantu's testimony regarding the shower incident matched the details of the victim's testimony that were relevant to the charges; the victim said Cantu was the first person he told about the shower incident.

Another boy testified about playing tag with Hernandez and the victim; when Hernandez was "it," he caught the boy from behind and tried to press his penis against the boy's backside while both were clothed. The boy also testified that Hernandez had a lighter whose "flame" was a plastic penis and that Hernandez let the boys smoke at his apartment.

A third boy testified that Hernandez gave him cigarettes and gave another boy a condom and some "dirty" magazines.

## DISCUSSION

Hernandez contends by point of error one that the trial court erred by allowing Cantu to testify as an outcry witness following the victim's mother's testimony as an outcry witness. Hernandez does not complain that the State failed to comply with the requirements to admit the testimony of either outcry witness, only that the State is limited to presenting one outcry witness to testify about the incident. Though the State charged Hernandez with three different offenses, it alleged that all three offenses occurred on or about February 10, 1996. Hernandez con-

tends that, once the victim's mother provided outcry testimony supporting conviction on all three counts, the State could not present a second outcry witness regarding any of these incidents.

■ As with other decisions regarding the admissibility of evidence, we will not reverse the trial court's admission of the testimony from the second outcry witness absent an abuse of discretion. *See Garcia v. State*, 792 S.W.2d 88, 91–92 (Tex.Crim.App.1990).

■ Because we are cited to and find no cases directly on point, we look to similar cases and statutes to determine whether the second outcry was admissible. The fact that the events described by Cantu and the victim's mother did not occur on the same day (the charged day, February 10, 1996) would not prevent either witness's testimony from supporting a conviction. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex.Crim.App.1997). When the indictment alleges that a crime occurred "on or about" a particular date, the State may present evidence that the offense was committed at any time before presentment of the indictment and within the statutory limitations period. *Id.* We note further that the State can introduce multiple acts of sexual assaults by the defendant on the child victim notwithstanding the restrictions on character evidence found in the rules of evidence. *See* Tex.Code Crim. Proc. Ann. art. 38.37 (West Supp.1998). Perhaps closest to our situation are the holdings by the First Court of Appeals that a victim's testimony that the defendant had committed the charged offense against the victim many different times was not excludable as describing extraneous acts. *Worley v. State*, 870 S.W.2d 620, 621 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (charged act occurred "over a hundred times"); *Hernandez v. State*, 817 S.W.2d 744, 746 (Tex.App.—Houston [1st Dist.] 1991, no pet.). Though these cases did not involve outcry witnesses, we find them instructive. The court held in *Worley* that the testimony did not concern extraneous offenses because the victim's testimony matched the elements of the charged offenses. 870 S.W.2d at 621–22. In a similar case, that court defined extraneous offenses as acts not shown in the charging instrument

but shown to have been committed by the accused against the victim. *Hernandez*, 817 S.W.2d at 746. Multiple acts of the type *shown* in the charging instrument and shown to have been committed by the accused therefore could not be considered extraneous offenses. *Worley*, 870 S.W.2d at 622–23.

■ We conclude that multiple outcry witnesses may testify regarding discrete instances in which the defendant committed the charged conduct against the victim. Testimony about out-of-court statements offered for the truth of the matter asserted in the statement is ordinarily excluded as hearsay. Tex.R. Evid. 801, 802. State law excepts from the hearsay exclusion the first adult to whom the child makes an outcry about physical or sexual abuse. Tex.Code Crim. Proc. Ann. art. 38.072 § 2(a)(2) (West Supp.1998). By this statute, the drafters acknowledge the need for such adult testimony while guarding against the possibility that subsequent adults to whom the child makes outcry might hear a version tainted by suggestion or guidance. The concern regarding the tainting of subsequent outcries is reduced when the outcry witnesses testify about discrete occurrences of the same offenses. Indeed, if the child described one type of abuse to one witness and a *different* type of abuse to the second listener, the second listener could testify about that distinct offense. *Turner v. State*, 924 S.W.2d 180, 183 (Tex.App.—Eastland 1996, pet. ref'd) (officer could testify to victim's outcry about penile penetration because victim's previous outcry to counselor was about digital penetration, not penile penetration). We believe we should take the same approach when the child describes to different witnesses discrete occurrences constituting the same offense. In this case, the victim's mother testified about the victim reporting that Hernandez sexually assaulted him at a lake and Cantu testified about the victim reporting that Hernandez sexually assaulted him at Hernandez's apartment while they showered. Though both events involve conduct comprising the charged offenses, they are discrete events occurring at different locations and times. The trial court did not err by allowing both outcry witnesses to testify. We overrule point one.

By point of error two, Hernandez complains that the trial court erred by admitting testimony from another boy that Hernandez treated him similarly to the way the victim said Hernandez treated him. Evidence of other wrongs or acts is not admissible to show a defendant's bad character, but may be admissible for other purposes, such as proving motive, opportunity, identity, intent, preparation, plan, knowledge, or absence of mistake or accident. Tex.R. Evid. 404(b). The boy testified about playing tag with Hernandez and the victim; when Hernandez was "it," he caught the boy from behind and tried to press his penis against his backside while both were clothed. The boy also testified that Hernandez had a lighter whose "flame" was a plastic penis and that Hernandez let the boys smoke at his apartment. Hernandez objected to this testimony as describing inadmissible extraneous offenses that were more prejudicial than probative.

Hernandez waived his objections to evidence about his possession of the pseudo-lighter and his allowing the boys to smoke; the victim had testified without objection about these aspects already, including the fact that other children sometimes smoked with him and Hernandez.

■ Further, the trial court did not err by allowing this evidence and evidence of the tag game because it helped show plan and preparation to sexually assault the victim. The State's expert testified that the giving of gifts and the allowance of forbidden activities is a "grooming" technique used to equalize the perceived age of the abuser and the victim; the toys and cigarettes make the child seem older, while the game playing makes the abuser seem younger. The grooming activities can be preludes to abuse. These activities were not offered for mere character conformity, but showed a plan, preparation, and opportunity to commit the offenses. They showed the absence of mistake or misunderstanding regarding the nature of Hernandez's conduct toward the victim. Taken with the expert's testimony on grooming behavior, the boy's testimony tends to make it more likely that Hernandez assaulted the victim. The court did not abuse its discretion by allowing the testimony. We overrule point two.

## CONCLUSION

Having overruled both points of error, we affirm the judgment.