TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00411-CR







Michael Darrnell Farrow, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0973552, HONORABLE TOM BLACKWELL, JUDGE PRESIDING








 After convicting appellant of aggravated sexual assault of a child and three counts
of indecency with a child by contact, (1) the jury assessed punishment at terms of imprisonment of
forty and twenty years for the respective offenses. Appellant challenges the admission of
testimony from more than one outcry witness and the admission of videotapes made by a witness. 
We will affirm.

 Appellant's testimony includes admission of all of the elements of the three counts
of indecency with a child. Consequently, his appeal is limited to the trial court's admission of
testimony relating to the aggravated sexual assault conviction. Appellant's stepdaughter K.W.
stayed with appellant while her mother was at work during a period that appellant was unemployed
in 1996. Appellant related that the indecency offenses occurred on two different occasions at the
Roadrunner Inn. Appellant denied having ever stuck his penis in K.W.'s anus. Appellant stated
he left his wife Roxie and began living with another woman because of his urge to touch K.W.

 K.W., age 6 at the time of the alleged offense, apparently nervous and reluctant to
testify, often stated that she did not remember when questioned about appellant. K.W. first
testified that she did not remember whether appellant made her feel bad or hurt her at anytime. 
However, K.W. subsequently testified that appellant had touched her bottom with his "private"
and it "hurt a bit" because "he had it halfway in."

 Carol Bunkley, the first outcry witness, testified that her friend Roxie asked her to
talk to K.W. about "good touches" and "bad touches" when Roxie became suspicious about
appellant's conduct toward K.W. Bunkley stated that K.W. told her about the three incidents of
appellant touching her that related to the indecency with a child by contact offenses.

 The second outcry witness was K.W.'s mother Roxie. Subsequent to Bunkley's talk
with K.W., and after a complaint had been made to the police, Roxie told K.W. that she needed
to be examined by a doctor because she thought appellant might have "hurt her--down there--
[with] his nasty part." After the trial court overruled appellant's objection that anything K.W.
might say constituted a second outcry, Roxie stated that K.W. pointed to her lap and said "it really
hurt bad."

 Appellant urges that contrary to the provisions of article 38.072 of the Texas Code
of Criminal Procedure, the trial court allowed two different statements made to two different
people at different times. See Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1999). 
Applicable to the instant offenses, article 38.072 provides for an exception to the hearsay rule in
the prosecution of certain offenses against a child twelve years or younger in the following
circumstances:


Sec. 2.  (a) This article applies only to statements that describe the alleged offense
that:


(1) were made by the child against whom the offense was allegedly committed; and


(2) were made to the first person, 18 years of age or older, other than the
defendant, to whom the child made a statement about the offense.



Id. § 2(a) (emphasis added).

 Appellant contends that both statements involve the same incident, and to allow both
statements into evidence would open the door for anyone to manipulate a child into making a more
serious allegation. Other factors urged against the admissions of the two outcry statements are that
the first statement came prior to a videotaping on April 21, 1997, while the second statement was
made on May 13, 1997. Also that the second outcry was too general to establish penetration of
the anus.

 The trial court's admission of the testimony from the second outcry witness will not
result in reversal absent an abuse of discretion. See Hernandez v. State, 973 S.W.2d 787, 789
(Tex. App.--Austin 1998, pet. ref'd). In Zinger v. State, 899 S.W.2d 423, 429 (Tex.
App.--Austin 1995), rev'd on other grounds, 932 S.W.2d 511 (Tex. Crim. App. 1996), the
defendant contended the trial court erred in allowing the victim's mother to testify about what the
child told her in a second outcry statement made three days after the first statement. Zinger made
the following observations we find helpful in our consideration of the instant cause:

The courts must therefore achieve a balance that fosters the important governmental
interest in protecting children while maintaining fundamental fairness. [John Myers
& Nancy Perry, Child Witness Law and Practice § 5.41 (1987).] This balance tips
toward admitting children's out-of-court statements because children "often give
the clearest and truest testimony." Id. (citing 4 William Blackstone, Commentaries
*214).


. . . .


In this case, the child completed his statement to his mother three days after
beginning his initial outcry. It is clear that the child was relating something that
was very difficult and awkward for him to talk about, and it took him a few days
to complete his story. It would be impossible for us in our judicial capacity to set
a specific time period over which a child's outcry must be completed in every case.



 Appellant incorrectly contends that Article 38.072 applies to only one
statement from the victim. Article 38.072 specifically authorizes the admission of
more than one statement by the child. Tex. Code Crim. Proc. Ann. art. 38.072,
§ 2(a) (West Supp. 1995) ("This article applies only to statements that describe the
alleged offense . . . .") 



Id. at 429-30.

 While appellant recognizes that Zinger does not preclude the admissibility of a
second outcry statement, he urges that the instant cause is distinguishable in that the outcry
statements in Zinger were made much closer in time and to the same person. In Turner v. State,
924 S.W.2d 180 (Tex. App.--Eastland 1996, pet. ref'd), the victim first told a school counselor
that the defendant penetrated her with his finger. Subsequently, the victim told an officer that the
defendant penetrated her with his penis. The court held that the second statement was made to the
first person over the age of eighteen the victim told about the offense alleged in the indictment. 
Id. at 183. In the instant cause, K.W.'s mother was the first person K.W. told about the
aggravated sexual assault.

 Appellant contends that the second outcry statement to K.W.'s mother was too
general and hence not a true outcry. In Garcia v. State, 792 S.W.2d 88 (Tex. Crim. App. 1990),
the outcry by the victim to his teacher was nothing more than a general allegation that something
related to child abuse was going on at home. Garcia held that the statute demands more than a
general allegation of sexual abuse. Id. at 91. We do not believe the statute requires that a child
of tender age relate the events with the specificity needed to provide the elements of the offense. 
The delicate nature of the subject matter and the difficulty the child had in relating charges against
a person she had regarded as a father are evident from the record. We find these factors negate
any requirement that the outcry statement contain the specific elements of the offense.

 The two outcry statements in Hernandez involved two discrete events occurring at
different locations and at different times. See Hernandez, 973 S.W.2d at 789. However, we do
not understand Hernandez to require that offenses occur at different locations and times. We find
that the two outcry statements in the instant cause relate to discrete events. Moreover, it is not
clear that all the offenses occurred during the same episode. While appellant denied the
aggravated sexual assault, appellant testified that the indecency with a child offenses occurred on
two different occasions. Also, the reason appellant gave for leaving K.W.'s mother was his urge
to touch K.W. Despite the fact that K.W. answered "Huh-uh" to defense counsel's question as
to whether appellant ever did anything to her except for the one incident, the record suffers from
lack of clarity as to when the offenses occurred. We hold that the trial court did not abuse its
discretion in admitting the second outcry statement. Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the trial court erred by
admitting two out-of-court tapes made by K.W. Anna Lee, a victim counselor in the child abuse
unit of the Austin Police Department, testified that she interviews children who make allegations
of either sexual abuse or physical abuse. Interviews are conducted at the Children's Advocacy
Center under conditions that provide a child-friendly atmosphere. Lee had received special
training for such interviews and had conducted approximately three hundred interviews. The first
taped interview with K.W. was made on April 21, 1997, the day before a complaint was filed
against appellant. The second taped interview Lee conducted occurred on May 26, 1997. The
first taped interview was limited to K.W. talking about acts that related to the indecency by contact
offenses. The second taped interview contained a statement by K.W. that appellant put his penis
half-way in her bottom.

 When the State offered the tapes as evidence, appellant objected that K.W. was
available to testify, that she had testified earlier in the day, and that only one continuous recording
of a child is admissible. The pertinent provisions of article 38.071 of the Texas Code of Criminal
Procedure provide:


Sec. 1.  This article applies only to a proceeding in the prosecution of an offense
defined by any of the following sections of the Penal Code if the offense is alleged
to have been committed against a child 12 years of age or younger and if the trial
court finds that the child is unavailable to testify at the trial of the offense, and
applies only to the statements or testimony of that child:


 (1)  Section 21.11 (Indecency with a Child);


. . . .


 (4)  Section 22.021 (Aggravated Sexual Assault);


. . . . 


Sec. 2. (a)  The recording of an oral statement of the child made before the
indictment is returned or the complaint has been filed is admissible into evidence
if the court makes a determination that the factual issues of identity or actual
occurrence were fully and fairly inquired into in a detached manner by a neutral
individual experienced in child abuse cases that seeks to find the truth of the matter.


 (b)  If a record is made under Subsection (a) of this section and after an
indictment is returned or a complaint has been filed, by motion of the attorney
representing the state or the attorney representing the defendant and on the
approval of the court, both attorneys may propound written interrogatories that
shall be presented by the same neutral individual who made the initial inquiries, if
possible, and recorded under the same or similar circumstances of the original
recording with the time and date of the inquiry clearly indicated in the recording.


. . . .


Sec. 4. (b)  The court may set any other conditions and limitations on the taking of
the testimony that it finds just and appropriate, taking into consideration the
interests of the child, the rights of the defendant, and any other relevant factors. 
The court shall also ensure that:


. . . .


 (7)  only one continuous recording of the child was made or the necessity for
pauses in recordings or for multiple recordings is established at trial.



(emphasis added).

 The trial court made the following findings:


I will find that the child was not fully available because of her age and because of
the fact that the defendant was--related to her as stepfather and that that makes her
reluctant to testify in his presence and makes her unavailable as to the full
testimony of what occurred--she did not remember much of what she told other
people at subsequent times and sitting there with the defendant looking her in the
face and being the stepfather, I feel that as to the totality of her testimony, she is
unavailable.



 Appellant raises for the first time on appeal that the second tape violated his right
to due process by denying him the right to confront the witness. Appellant waived his right to
complain about denial of constitutional rights by his failure to make such objection in the trial
court. See Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Briggs is similar to
the instant cause in that the child victim of sexual abuse testified in person, was cross-examined
by the defendant and a taped interview of the child was later admitted in evidence. Briggs held
that the duplication of the State's evidence by introduction of a taped interview will not ipso facto
render a trial fundamentally unfair. Id. at 924.

 The trial court's finding in the instant cause that K.W.'s testimony reflected a lack
of memory about many events is shown by the record. Under cross-examination, appellant
vigorously pursued an examination about her having answered many questions by stating that she
did not remember certain actions by appellant toward her. The thrust of appellant's examination
was that K.W. gave affirmative answers to questions about appellant's acts in order to stop the
questioning.

 The trial court's admission of two taped interviews of a child in an aggravated
sexual assault case was upheld in Fleming v. State, 819 S.W.2d 237, 246 (Tex. App.--Austin
1991, pet. ref'd), against a claim that defendant was denied his right of confrontation, due process,
and due course of law. Section 4(b)(7) of article 38.071 of the Texas Code of Criminal Procedure 
provides that multiple recordings may be introduced when a necessity for multiple recordings is
established at trial. We hold that the record supports the trial court's finding that there was a
necessity for the admission of the second tape. The trial court did not abuse its decision in
allowing the introduction of the second tape. Appellant's second point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Patterson and Davis*

Affirmed

Filed: May 27, 1999

Do Not Publish









* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Penal Code Ann. §§ 22.021(a)(1)(B) & 21.11(a)(1) (West 1994 & Supp. 1999).



N>


. . . .


 (7)  only one continuous recording of the child was made or the necessity for
pauses in recordings or for multiple recordings is established at trial.



(emphasis added).

 The trial court made the following findings:


I will find that the child was not fully available because of her age and because of
the fact that the defendant was--related to her as stepfather and that that makes her
reluctant to testify in his presence and makes her unavailable as to the full
testimony of what occurred--she did not remember much of what she told other
people at subsequent times and sitting there with the defendant looking her in the
face and being the stepfather, I feel that as to the totality of her testimony, she is
unavailable.



 Appellant raises for the first time on appeal that the second tape violated his right
to due process by denying him the right to confront the witness. Appellant waived his right to
complain about denial of constitutional rights by his failure to make such objection in the trial
court. See Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Briggs is similar to
the instant cause in that the child victim of sexual abuse testified in person, was cross-examined
by the defendant and a taped interview of the child was later admitted in evidence. Briggs held
that the duplication of the State's evidence by introduction of a taped interview will not ipso facto
render a trial fundamentally unfair. Id. at 924.

 The trial court's finding in the instant cause that K.W.'s testimony reflected a lack
of memory about many events is shown by the record. Under cross-examination, appellant
vigorously pursued an examination about her having answered many questions by stating that she
did not remember certain actions by appellant toward her. The thrust of appellant's examination
was that K.W. gave affirmative answers to questions about appellant's acts in order to stop the
questioning.

 The trial court's admission of two taped interviews of a child in an aggravated
sexual assault case was upheld in Fleming v. State, 819 S.W.2d 237, 246 (Tex. App.--Austin
1991, pet. ref'd), against a claim that defendant was denied his right of confrontation, due process,
and due course of law. Section 4(b)(7) of article 38.071 of the Texas Code of Criminal Procedure 
provides that multiple recordings may be introduced when a necessity for multiple recordings is
established at trial. We hold that the record supports the trial court's finding that there was a
necessity for the admission of the second tape. The trial court did not abuse its decision in
allowing the introduction of the second tape. Appellant's second point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Patterson and Davis*