# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00022-CR

**Alton Walker Jones, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. 1010264, HONORABLE FRED A. MOORE, JUDGE PRESIDING**

A jury found appellant Alton Walker Jones guilty of two counts of indecency with a child by contact and one count of indecency with a child by exposure. *See* Tex. Pen. Code Ann. ' 21.11 (West Supp. 2003). The jury assessed punishment at imprisonment for five years for each count. In two points of error, appellant contends the district court erroneously admitted hearsay testimony. Although we find that hearsay was erroneously admitted, we find no reversible error and thus affirm the judgments of conviction.

*Outcry testimony*

In his first point of error, appellant complains that the court should not have allowed the testimony of two outcry witnesses. The first of these witnesses was Margaret Martin, a Child Protective Services investigator, who interviewed the nine-year-old complainant on October 26, 2000. Martin testified that the boy told her appellant touched him on his Aweewee@ and Abottom,@ and that he, the

complainant, touched appellant Aon his weewee and butt.@[1] The second witness was Marsha Wilson, who interviewed the complainant on October 27, 2000, at the Children=s Advocacy Center. Wilson testified that the boy said appellant Atouched his weewee and had him touch his weewee, and that he squeezed AIs weewee until pee came out.@ According to both witnesses, the complainant said this conduct took place when he was alone with appellant at appellant=s residence.[2]

The court permitted both Martin and Wilson to testify pursuant to code of criminal procedure article 38.072. Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2003). Under this statute, the first adult to whom a child makes an outcry regarding physical or sexual abuse may testify to that outcry as an exception to the hearsay rule. *Id*. ' 2. The statute has been construed to apply to the first adult to whom the child makes a statement that in some discernable manner describes the alleged offense. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). A trial court has broad discretion in determining which of several witnesses qualifies as the outcry witness. *Id*. at 92. Appellant contends the district court, having admitted Martin=s outcry testimony, abused its discretion by permitting Wilson to testify as an outcry witness.

The State relies on this Court=s opinion in *Hernandez v. State*, 973 S.W.2d 787 (Tex. App.CAustin 1998, pet. ref=d), in which we concluded that a trial court did not abuse its discretion by

[1] There is evidence that the complainant used the word Aweewee@ to refer to the penis.

[2] Appellant was a friend of the complainant=s mother. The complainant spent three afternoons a week with appellant at his apartment over a period of several months.

permitting two witnesses to testify pursuant to article 38.072. In that case, the first outcry witness described

the child=s account of an incident that took place in the defendant=s truck while it was parked in woods near

a lake. *Id.* at 788. The second witness testified to the child=s outcry regarding conduct that took place

while the defendant and the child were showering together in the defendant=s bathroom. *Id.* We held that

when a child describes to different witnesses discrete events occurring at different locations and times, each

witness may testify as an outcry witness even though the two occurrences constituted the same statutory

offense. *Id.* at 789.

The State argues that the events described by Martin and Wilson in their testimony

constituted separate and distinct occurrences, as in *Hernandez.* We disagree. Martin and Wilson

described essentially the same conduct: appellant touched the complainant=s penis and the complainant

touched appellant=s penis. The conduct described by the two witnesses took place at the same location,

appellant=s apartment. Due to the lack of specificity in the child=s statements, it is impossible to say that the

described conduct took place at different times. While the outcry to Wilson added a new detail (squeezing

appellant=s penis), this does not support the conclusion that the two witnesses were describing separate and

distinct events.[3] On this record, the court did not have the discretion to allow both Martin and Wilson to

testify as outcry witnesses.

---

[3] We understand the district court=s ruling to have been that the additional detail made Wilson=s testimony admissible. A court has the discretion under article 38.072 to admit a later, more detailed

*Statements to counselor*

In point of error two, appellant contends the district court erroneously permitted Margaret Creasy, a licensed professional counselor, to testify regarding statements made to her by the complainant. Creasy testified that she was the complainant=s therapist and had met with him twenty-two times beginning in December 2000, when he was referred to her by Child Protective Services, and continuing until the time of trial. Creasy related statements the complainant made to her during counseling sessions describing his relationship to appellant, including the instances of exposure and touching. The court admitted these statements pursuant to the hearsay exception for statements made for the purpose of medical diagnosis or treatment. Tex. R. Evid. 803(4).

Appellant objected to Creasy=s testimony on the ground that rule 803(4) is limited to Ainformation that is gathered and used for the purpose of diagnosis. . . . Course of treatment and statements made during course of treatment is not part of the hearsay exception.@ He also makes this argument on appeal, urging that the complainant=s statements to Creasy were not made Afor the <u>purpose</u> of securing treatment . . . [but] as part of a <u>course</u> of treatment.@ Appellant=s contention is that rule 803(4) is limited to statements made by a person seeking diagnosis or treatment, and that the rule does not extend to statements made during the actual course of treatment.

---

outcry statement in lieu of an earlier, more general statement describing the same event to a different witness, but a court does not have the discretion to admit both statements. *Garcia v. State*, 792 S.W.2d 88, 91-92 (Tex. Crim. App. 1990).

**4**

The rule against hearsay is a rule of exclusion. Courts have long recognized exceptions to that exclusion tailored to allow the introduction of evidence that is likely to be trustworthy. Common to the various hearsay exceptions is the notion that circumstances attendant to the out-of-court statement provide sufficient guarantees of the statement=s trustworthiness, thus rendering unnecessary the normal judicial assurances of trustworthiness secured by cross-examination and the oath. 5 *Wigmore on Evidence* '' 1420, 1422 (3d ed. 1940).

So it is with the medical diagnosis and treatment exception. Rule 803(4) excepts from the general hearsay rule statements Amade for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.@ Tex. R. Evid. 803(4). The two-part test for admitting these statements is: (1) the declarant must make the statements for the purpose of receiving medical treatment, and (2) Athe content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis.@ *United States v. Renville*, 779 F.2d 430, 436 (8th Cir. 1985); *see also Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 277 (5th Cir. 1991).[4] Thus, the declarant must first have a motive consistent with obtaining medical care, knowing that proper diagnosis or treatment depends upon the veracity of such statements. *White v. Illinois*, 502 U.S. 346, 356 (1992) (A[A] statement made in the course of procuring medical services, where the declarant knows that a false statement may cause misdiagnosis or mistreatment, carries special guarantees of

---

[4] Because Texas rule 803(4) is based on and identical to the federal rule, federal case law is persuasive authority for interpreting and understanding the Texas rule. *See Fleming v. State*, 819 S.W.2d 237, 247 (Tex. App.CAustin 1991, pet. ref=d).

credibility.@); *United States v. Iron Shell*, 633 F.2d 77, 83-84 (8th Cir. 1980).  Further, the statement must concern facts that are Areasonably pertinent to diagnosis or treatment@: medical history, symptoms, or the cause or general character of the cause or external source.  Tex. R. Evid. 803(4).

ARule 803(4) is premised on the patient=s selfish motive in receiving appropriate treatment.@ *Moore v. State*, 82 S.W.3d 399, 413 (Tex. App.CAustin 2002, pet. ref=d) (Patterson, J., concurring). This motive is no longer present once a diagnosis has been made and treatment has begun.  The details a patient may report during an extended course of treatment may be prompted by other motives, such as denial or deception, or be influenced by the treatment process itself.  *See id.* (safeguards inherent in rule not present when statements were made during counseling sessions years after events discussed, after allegations had been made repeatedly, and after child declarants had heard their mother=s rendition of facts).

This Court has recognized that a child=s statements to a physician or other health care professional describing sexually abusive acts and identifying the abuser can be admissible under the medical diagnosis or treatment exception.  *Fleming v. State*, 819 S.W.2d 237, 247 (Tex. App.CAustin 1991, pet. ref=d); *see also Moore*, 82 S.W.3d at 403-05.  Neither *Fleming* nor *Moore*, however, broadens the medical diagnosis or treatment exception to encompass every statement made by a child victim of sexual abuse to a therapist, or supports the blanket conclusion that statements made to a therapist regarding

**6**

specific offenses are admissible as having been made for the purposes of treatment. *See Moore*, 82 S.W.3d at 413.[5]

In this case, Creasy was permitted to testify to statements made by the complainant during numerous counseling sessions over a ten-month period. According to Creasy, one of her goals in counseling the complainant was to help him Ato clarify exactly what is appropriate behavior and not appropriate behavior between a care-giving adult and child.@ In other words, by her counseling Creasy sought to alter the complainant=s perception of and attitude toward appellant=s conduct. The complainant=s statements made during the course of such counseling did not possess the guarantees of trustworthiness on which the medical diagnosis or treatment exception is founded. The district court abused its discretion by admitting the complainant=s statements to Creasy under the rule 803(4) exception.

*Harm*

Error may not be predicated upon a ruling admitting or excluding evidence unless a substantial right of the party is affected. Tex. R. Evid. 103(a); *see* Tex. R. App. P. 44.2(b) (error that does not affect substantial right must be disregarded). The complainant testified that appellant sometimes touched his penis and bottom, and that he sometimes touched appellant=s penis. When he touched appellant,

---

[5] Appellant does not contend that Creasy was not a member of the medical profession. *See Moore v. State*, 82 S.W.3d 399, 405 (Tex. App.CAustin 2002, pet. ref=d) (clinical social worker/psychotherapist not shown to be member of medical profession; statements to witness erroneously admitted under rule 803(4)).

appellant=s penis would be Ahalf soft, half hard.@ Appellant also testified. He acknowledged that he had often touched the complainant=s penis, and that he had allowed the complainant to touch his penis. Appellant testified that Aone time [the complainant] grabbed ahold of me and squeezed as hard as he could.@ Appellant also described the Abathtub basketball@ game he and the complainant would often play while naked. In essence, it was appellant=s contention that the complainant had looked at and touched his penis as a result of a boy=s natural curiosity, and that he had incidentally touched the complainant=s penis while they were engaged in games or other nonsexual activities.

In short, appellant did not deny the acts alleged in the indictment. Instead, appellant=s defense was that the touching and exposure had not been committed with the intent to arouse or gratify his or anyone else=s sexual desire. *See* Tex. Pen. Code Ann. '' 21.01(2), 21.11(a)(2), (c) (West Supp. 2003). Because appellant admitted that he engaged in the conduct described in the complainant=s statements to Martin, Wilson, and Creasy, permitting both Martin and Wilson to testify as outcry witnesses and Creasy to testify regarding the complainant=s statements during counseling, while erroneous, did not affect appellant=s substantial rights. We therefore overrule points of error one and two.

The district court issued a separate judgment for each count. We affirm the judgments of conviction.

_____

Jan P. Patterson, Justice

**8**

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed:   December 5, 2002

Publish