# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-17-00303-CR
NO. 03-17-00304-CR

**Paul Anthony Ojeda, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 450TH JUDICIAL DISTRICT
NOS. D-1-DC-15-301771 & D-1-DC-15-301772
HONORABLE BRAD URRUTIA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Paul Anthony Ojeda of one count of continuous sexual abuse of a child under the age of fourteen, three counts of indecency with a child by sexual contact, and three counts of aggravated sexual assault of a child arising from the sexual abuse of his two stepdaughters, N.M. and N.M.M.A.[1] *See* Tex. Penal Code §§ 21.02, 21.11(a)(1), 22.021(a)(2)(b). The jury assessed sentences of 45 years' imprisonment for the offense of continuous sexual abuse of a child, 20 years' imprisonment for each of the offenses of indecency with a child, and 45 years' imprisonment for each of the offenses of aggravated sexual assault of a child. The district court rendered judgments of conviction consistent with the jury's verdicts.

---

[1] We refer to the child victims of these offenses by their initials. *See* Tex. R. App. P. 9.10(3).

On appeal, Ojeda contends that the court erred by admitting outcry testimony from three witnesses, over his hearsay objection, allowing them to testify about statements that N.M. and N.M.M.A. made to them about the offenses. *See* Tex. Code Crim. Proc. art. 38.072. We will affirm the judgments of conviction.

## BACKGROUND[2]

Paul Ojeda was convicted of seven felony offenses arising from his sexual abuse of his two stepdaughters, N.M. and N.M.M.A., during the time that he was married to their mother. Among other witnesses at trial, the jury heard testimony from three outcry witnesses: the victims' mother and two forensic interviewers with the Center for Child Protection, Silvia Sanchez and Jesena Magellan.

The district court held a hearing to determine whether these witnesses would be permitted to testify as outcry witnesses at trial. During the hearing, Mother testified that one evening in late April, her older daughter N.M.M.A. told her that on various occasions while Mother had been working at night, Ojeda had touched N.M.M.A.'s and N.M.'s vaginas with his mouth, his private part, and his fingers or hands. N.M.M.A. also told Mother that Ojeda had "touched her all over her body." N.M.M.A.'s allegations, according to Mother, involved only touching; N.M.M.A. did not allege that Ojeda had penetrated her. Mother then spoke with her younger daughter N.M., who told her "the same thing that [N.M.M.A.]" had reported. Mother denied asking N.M. if Ojeda had done a specific thing to her. She testified that her daughters supplied the details.

---

[2] The testimony of Mother, Silvia Sanchez, and Jesena Magallan is summarized from the pretrial "outcry hearing."

2

Silvia Sanchez testified that she was a bilingual forensic interviewer at the Center for Child Protection. In an interview, N.M.M.A. told Sanchez—in addition to the allegations that Ojeda had touched her vagina and performed oral sex on her—that when she was seven years old, Ojeda had placed his finger inside her vagina and moved it from side to side. Sanchez also stated that N.M.M.A. told her that on her eighth birthday, Ojeda put his male part inside of her vagina. Sanchez also recalled N.M.M.A. telling her that when she was nine years old, right before her mother kicked Ojeda out of the house permanently, Ojeda kissed and sucked on her breast, and he placed his finger inside her vagina and moved it from side to side. Sanchez acknowledged that besides these specific instances, N.M.M.A. told her that there were times when Ojeda performed oral sex on her "often, like every day."

Jesena Magallan testified that she was a senior forensic interviewer at the Center for Child Protection. In an interview, N.M. told her that when she was eight years old, Ojeda sucked on her vagina and that Ojeda put his "weewee"—which N.M. identified as the penis area using an anatomically correct doll—inside her vagina and in her butt.

At the conclusion of the "outcry hearing," the district court ruled that Mother was a proper outcry witness as to the allegations that Ojeda put his mouth and his hands on the vaginas of N.M.M.A. and N.M. The court ruled that Sanchez was the proper outcry witness as to the allegation that Ojeda allegedly placed his finger in N.M.M.A.'s vagina and moved it around, that Ojeda penetrated N.M.M.A. with his penis, and that Ojeda kissed and sucked her breast. The court further ruled that Magallan was the proper outcry witness as to the allegation that Ojeda penetrated N.M.'s anus.

3

The cases involving N.M.M.A. and N.M. were consolidated for trial. After trial, the jury convicted Ojeda of continuous sexual abuse of a child under fourteen committed against N.M.M.A., as well as three counts of indecency with a child by sexual contact and three counts of aggravated sexual assault of a child committed against N.M. The jury assessed Ojeda's sentences, and the district court rendered judgment on the jury's verdicts. Ojeda filed a motion for new trial, which he later amended, and the amended motion for new trial was denied by operation of law. This appeal followed.

## DISCUSSION

**No abuse of discretion in court's admission of testimony from outcry witnesses**

On appeal, Ojeda contends that the district court erred by admitting testimony from the three outcry witnesses: Mother and the two forensic interviewers, Magallan and Sanchez. *See* Tex. Code Crim. Proc. art. 38.072. Specifically, Ojeda contends that Mother, the initial outcry witness, identified discernible offenses against N.M.M.A. and N.M.; thus, admission of Magallan's and Sanchez's testimony about statements that his stepdaughters made to them about the sexual abuse was unnecessary. We disagree.

Outcry statements are considered substantive evidence of the crime. *Bays v. State*, 396 S.W.3d 580, 581 n.1 (Tex. Crim. App. 2013) (citing *Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005)). In the prosecution of certain sexual offenses against children, the outcry statute provides a hearsay exception allowing evidence of a child's first outcry of sexual abuse to an adult. *See* Tex. Code Crim. Proc. art. 38.072; *Bays*, 396 S.W.3d at 581 n.1. The Texas Court of Criminal Appeals has held that the outcry statute applies only to out-of-court statements that describe

4

the alleged offense, made by the child to the first person who is 18 years of age or older—other than the defendant—that in some discernible manner describe the alleged offense. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990); *see* Tex. Code Crim. Proc. art. 38.072 § 2(a). Generally, the proper outcry witness is the first adult to whom the alleged victim reports "how, when, and where" the abuse occurred. *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd); *see also Garcia v. State*, No. 03-14-00269-CR, 2016 Tex. App. LEXIS 4219, at *4 (Tex. App.—Austin Apr. 22, 2016, pet. ref'd) (mem. op., not designated for publication).

The admissibility of outcry witness testimony is not person-specific, but event-specific. *Polk v. State*, 367 S.W.3d 449, 453 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *see Garcia*, 2016 Tex. App. LEXIS 4219, at *5. Accordingly, hearsay testimony from more than one outcry witness may be admissible under article 38.072 if the witnesses testify about different events. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011); *Hernandez v. State*, 973 S.W.2d 787, 789 (Tex. App.—Austin 1998, pet. ref'd) (noting that if child described one type of abuse to one witness and different type of abuse to second witness, second witness could testify about that distinct offense); *see also Garcia*, 2016 Tex. App. LEXIS 4219, at *5 (noting that when child has been victim of more than one instance of sexual assault, multiple outcry witnesses may testify about separate acts of abuse committed by defendant against child).

We review a trial court's admission of testimony from an outcry witness under an abuse-of-discretion standard. *See Garcia*, 792 S.W.2d at 92; *Rodgers v. State*, 442 S.W.3d 547, 552 (Tex. App.—Dallas 2014, pet. ref'd). A trial court has broad discretion in determining who qualifies

as a proper outcry witness, and we will uphold the trial court's ruling if it is reasonably supported by the record and within the zone of reasonable disagreement. *See Garcia*, 792 S.W.2d at 92.

Here, the record from the "outcry hearing" reflects that Mother was the first person at least 18 years old, other than the defendant, whom N.M.M.A. told about Ojeda's alleged abuse of her involving oral sex and putting his hands on her vagina. Sanchez was the first person at least 18 years old, other than the defendant, whom N.M.M.A. told about the alleged abuse involving Ojeda placing his finger in N.M.M.A.'s vagina and moving it around, Ojeda penetrating N.M.M.A. with his penis, and Ojeda kissing and sucking on her breast. Further, N.M.M.A. told Sanchez about the timeframe for Ojeda's three specific acts of abuse. N.M. told Mother that she agreed with N.M.M.A. that Ojeda touched N.M.'s vagina with his mouth and put his hands on her vagina. Magallan was the first person at least 18 years old, other than the defendant, whom N.M. told about the alleged abuse involving Ojeda penetrating N.M.'s anus. Each of these three adult women were outcry witnesses to whom the hearsay exception in article 38.072 would apply because they received reports about the "how, where, and when" of separate, discernible offenses reported to them by N.M.M.A. and N.M. *See* Tex. Code Crim. Proc. art. 38.072 § 2(a); *Hernandez*, 973 S.W.2d at 789; *see also Garcia*, 2016 Tex. App. LEXIS 4219, at *4; *Mata v. State*, No. 03-15-00220-CR, 2016 Tex. App. LEXIS 2289, at *10–11 (Tex. App.—Austin Mar. 4, 2016, no pet.) (mem. op., not designated for publication) (noting that victim's statements to forensic interviewer, unlike victim's statements to her mother, provided time element for alleged abuse).

On this record, we cannot conclude that the district court abused its discretion by admitting testimony from the forensic interviewers Magallan and Sanchez, in addition to Mother's

testimony, as outcry witnesses under article 38.072 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 38.072; *Rodgers*, 442 S.W.3d at 552 (rejecting defendant's contention that victim's mother was only proper outcry witness and concluding that trial court did not abuse its discretion by allowing forensic interviewer to testify as outcry witness); *see also Mata*, 2016 Tex. App. LEXIS 2289, at *10–11 (same); *Hernandez*, 973 S.W.2d at 789 (concluding that trial court did not abuse its discretion by allowing both victim's mother and Child Protective Services worker to testify as outcry witnesses). Accordingly, we overrule Ojeda's issue on appeal.

## CONCLUSION

We affirm the district court's judgments of conviction.

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: August 9, 2018

Do Not Publish