

# NUMBER 13-24-00199-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

NATHAN DOMINICK GREER,                                      Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## ON APPEAL FROM THE 213TH DISTRICT COURT
## OF TARRANT COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Peña**

Appellant Nathan Dominick Greer appeals his convictions for continuous sexual abuse of a child under 14 years of age (Count 1), a first-degree felony; indecency with a child by contact (Count 12), a second-degree felony; and indecency with a child by exposure (Count 13), a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11(a)(1), 21.11(a)(2). The jury assessed punishment at life imprisonment for Count 1,

twenty years' imprisonment for Count 12, and ten years' imprisonment for Count 13. By one issue, Greer alleges that the trial court erred by admitting impermissible outcry-witness testimony. We affirm.

## I. BACKGROUND[1]

On October 19, 2022, a Tarrant County grand jury indicted Greer with one count of continuous sexual abuse of a child under 14 years of age, based on two or more acts of aggravated sexual assault (Count 1), six counts of aggravated sexual assault of a child under 14 years of age (Counts 2–7), five counts of indecency with a child by contact (Counts 8–12), and one count of indecency with a child by exposure (Count 13). The indictment alleged that Greer committed: continuous sexual abuse of the child, Z.L., from September 1, 2015 through August 31, 2021 (Count 1); various acts of aggravated sexual assault against Z.L. during that time period (Counts 2–7); various acts of indecency with a child by contact involving touching of the genitals of both Greer and Z.L. during that time period (Counts 8–11); indecency with a child by touching Z.L.'s breast through her clothing on August 31, 2021 (Count 12); and indecent exposure by exposing his genitals to Z.L. on September 1, 2015.

Prior to trial, the State filed its notice designating two outcry witnesses. This notice includes two attachments with descriptions of the proposed outcry-witness testimony. The notice listed Z.L.'s mother, K.L., and Gabi Kellogg, who performed a forensic examination of Z.L., as the outcry witnesses. The State attached portions of police reports describing

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

2

what each of the proposed outcry witnesses told police. The report for K.L. provides as follows:

> [K.L.] told [police] that her daughter [Z.L.], made an outcry to her today.
>
> [K.L.] went on to tell [police] she was punishing her by taking cell phone away and tablet then asked [Z.L.] if there was any type of contents on the devices she was not supposed to have, inappropriate in nature. [K.L.] then said [Z.L.] told her that [K.L.]'s ex-boyfriend, [Greer], had been sexually assaulting her since she was 4 years of age on multiple occasions.
>
> [K.L.] stated she was dating and living with [Greer] up until 2019 when she finally broke up with him and moved out. [K.L.] told [police] that [Z.L.] stated [Greer] had penetrated her vagina with his penis multiple times and even had [Z.L.] perform oral sex by placing his penis in [Z.L.]'s mouth only when [K.L.] would leave to go to work.
>
> [K.L.] said [Z.L.] told her that [Greer] had taken several nude photographs of [Z.L.] with several cell phones he had in his possession during the time span.

Kellogg's proposed outcry-witness testimony is much more detailed than K.L.'s proposed testimony, and covers multiple instances of sexual abuse, some of which are not covered in K.L.'s proposed outcry testimony. In particular, while Z.L. alleged vaginal penetration and oral sex, Kellogg's proposed testimony did not, but rather included numerous other instances of sexual assault based on direct skin-to-skin contact by Greer of K.L., involving both of their sexual organs, including his penis contacting her vagina. Further, the relevant report provided as follows:

> [Z.L.] told her that [Greer] would sometimes make her use her feet and move them up and down on his "private part." . . .
>
> [Z.L.] said that at other times [Greer] would touch her chest over her clothes with his hands. . . .
>
> [Z.L.] went on to share that the first time she can remember, [Greer] had built a fort and showed her his "private part."

At the outcry hearing, the State informed the trial court that K.L. could no longer

3

recall her statement to police, and that it would proceed to trial with only calling Kellogg as an outcry witness.[2] Outside of the presence of the jury, the State called Kellogg as a witness and she affirmed that Z.L. provided her details not contained in K.L.'s statement, and that she was not told about either vaginal penetration, or oral sex, both of which were details contained in K.L.'s proposed outcry-witness testimony.

The State then argued as follows:

> Judge, the state would just offer . . . Kellogg as an outcry witness to those specific acts that she outlined, which is [Greer's] hands to [Z.L.]'s genitals, [Z.L.]'s hand to his genitals, sex-organ-to-sex-organ contact, as well as the feet of [Z.L.] contacting [Greer's] genitals. . . . It would go to Count Two, Count Three, Count Four, Count Eight, Count Nine, Count Ten, Count Eleven, Count Twelve, and Count Thirteen and Count One as continuous, Your Honor.

Greer objected to Kellogg's testimony, arguing that the State was required to call K.L. as its outcry witness:

> The [S]tate's pleading alleges that [K.L.] was the first person over 18 that [Z.L.] made an outcry to for which allegations could be made to continuous sexual abuse. Certainly the statement provided to the Court in Exhibit 1 indicates that there were multiple events occurring over a lengthy period of time.
>
> . . .
>
> Again, because the [S]tate doesn't get multiple outcry witnesses with regard to the same—to the same charges, the same set of events, I think this particular witness that the [S]tate presented is the wrong outcry witness for continuous sexual abuse[.]

The trial court overruled Greer's objection, and Kellogg was able to provide testimony to the jury consistent with the contents of her outcry-witness notice. At the close

---

[2] Although not dispositive to this appeal, we further note that the State informed the trial court that the portion of the police report documenting K.L.'s outcry-witness testimony was mis-transcribed.

4

of evidence, after being instructed that a guilty verdict for Count 1 allowed them to move directly to its verdicts as to Counts 12 and 13, the jury found Greer guilty as to all three counts and assessed punishment at life imprisonment for Count 1, twenty years' imprisonment for Count 12, and ten years' imprisonment for Count 13. This appeal followed.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision to admit testimony from an outcry witness for an abuse of discretion. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). The trial court has "broad discretion" in admitting outcry-witness testimony. *Id*. We will not reverse the trial court's decision to admit outcry-witness testimony unless it falls outside the zone of reasonable disagreement. *See Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003) (noting that an abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree" (citation omitted)).

Texas Rule of Evidence 802 precludes the admission of hearsay statements, which are out-of-court statements "offer[ed] in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d), 802. Hearsay is not admissible unless it falls within an exception listed under the Texas Rules of Evidence or other rule or statute. *Id.* 802. The admissibility of an out-of-court statement under a hearsay exception is within the trial court's broad discretion. *See Apolinar v. State*, 106 S.W.3d 407, 416 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 155 S.W.3d 184 (Tex. Crim. App. 2005) ("A trial court has broad discretion in determining whether evidence is admissible as an exception to the hearsay exclusionary rule.").

5

Article 38.072 of the Code of Criminal Procedure creates an exception to the hearsay rule in cases involving allegations of sexual assault against a child younger than 14 years of age. TEX. CODE CRIM. PROC. art. 38.072. The statute allows the admissibility of a child complainant's out-of-court statements describing the alleged offense "so long as those statements were made 'to the first [adult] person . . . to whom the child . . . made a statement about the offense.'" *Bays v. State*, 396 S.W.3d 580, 585 (Tex. Crim. App. 2013) (citing TEX. CODE CRIM. PROC. art. 38.072, § 2(a)(1)–(3)). An outcry statement must describe the alleged offense in some discernable manner and "be more than words which give a general allusion that something in the area of child abuse was going on[,]" the evidence must clearly show that the child described the offense to the outcry witness. *Garcia*, 792 S.W.2d at 91. The outcry statute requires a trial court to conduct a hearing outside the presence of the jury to determine whether "the statement is reliable based on the time, content, and circumstances of the statement," rendering the statement admissible. TEX. CODE CRIM. PROC. art. 38.072 § 2(b)(2).

More than one outcry witness may be designated if the child has been the victim of more than one sexual assault and the outcry witnesses are not testifying about the same event:

> Admissible outcry witness testimony is not person-specific, but event-specific. In cases where a child has been victim to more than one instance of sexual assault, it is possible to have more than one proper outcry witness. However, before more than one outcry witness may testify, it must be determined the outcry concerned different events and was not simply a repetition of the same event told to different individuals.

*Brown v. State*, 189 S.W.3d 382, 387 (Tex. App.—Texarkana 2006, pet. ref'd) (citing *Broderick v. State*, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, no pet.)); *Hernandez v. State*, 973 S.W.2d 787, 789 (Tex. App.—Austin 1998, pet. ref'd) ("We conclude that

6

multiple outcry witnesses may testify regarding discrete instances in which the defendant committed the charged conduct against the victim.").

The offense of continuous sexual abuse of a child requires the State to prove that a defendant committed two or more acts of sexual abuse, "regardless of whether the acts of sexual abuse are committed against one or more victims." TEX. PENAL CODE ANN. § 21.02(b)(1).

### III.    DISCUSSION

Greer argues that because the State offered K.L. as the first outcry witness for the offense of continuous sexual abuse of a child, that means that no other outcry witness could testify as to the underlying predicate acts constituting that offense:

> In this case, the State made the argument that the first outcry witness, K.L., did not remember the statement. Therefore, they planned to use the forensic interviewer as their outcry witness. . . . However, the State cannot circumvent the fact that K.L. is the first person to whom Z.L. made an outcry statement. *Therefore, either the State must use K.L. as their outcry or use neither*.

(Emphasis added).

Greer's conclusion, however, presents an apparent conflict between his restrictive interpretation of Article 38.072 and the text of Texas Penal Code § 21.02(b)(1), which is an issue of statutory interpretation we review de novo. *See Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008) ("Because statutory interpretation is a question of law, this court conducts a *de novo* review."). Greer offers no case law to support his argument that the State is limited to only one outcry witness when prosecuting the offense of continuous sexual abuse of a child, and we have found none. *See* TEX. R. APP. P. 38.1(i); *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) ("An appellate court has no obligation to construct and compose an appellant's issues, facts, and arguments with

7

appropriate citations to authorities and to the record." (cleaned up)). More importantly, his argument directly conflicts with the notion that outcry-witness testimony is "event-specific" and not "person-specific," *Brown*, 189 S.W.3d at 387, because the offense of continuous sexual abuse of a child is predicated on the occurrence of two or more abuse-events. *See* TEX. PENAL CODE ANN. § 21.02(b)(1).

Greer seemingly acknowledges that the outcry statute is event-specific but suggests that, here, the "event" is the commission of the offense of continuous aggravated sexual abuse of a child, i.e., he argues that the outcry statute is, without exception, *offense*-specific. This, however, ignores the unique nature of the offense of continuous sexual abuse of a child, which, unlike almost any other offense, does not have as its gravamen a single event at all. As the Texas Court of Criminal Appeals has explained:

> As for the list of predicate offenses in [§] 21.02(c), the statute is indifferent as to which specific offenses are committed, so long as at least two are committed against a child of the requisite age over a period of thirty days or more. They operate essentially as manner and means of committing discrete aspects of the overarching continuous sexual abuse offense, but they do not define its essence.
>
> The gravamen of a [§] 21.02 offense is not a particular instance of one of the offenses listed in [§] 21.02(c). Instead, it is the commission of at least two such offenses. Indeed, the jury need not even be unanimous with respect to which predicate offenses were committed, or when they were committed; they need only agree that at least two such offenses were committed over a greater-than-thirty-day period.

*Ramos v. State*, 636 S.W.3d 646, 656–57 (Tex. Crim. App. 2021).

Given the non-event-based gravamen of continuous sexual abuse of a child, it would not be proper to construe case law suggesting that the outcry statute is specific to each offense as applying to that offense as well. *See, e.g.,Thomas v. State*, 1 S.W.3d

8

138, 141 (Tex. App.—Texarkana 1999, pet. ref'd) ("Rather, Article 38.072 contemplates allowing the first person to whom the child *described the offense in some discernible manner* to testify about the statements the child made."). Accordingly, we conclude that the State may call more than one outcry witness when alleging continuous sexual abuse of a child, so long as each witness testifies about distinct predicate acts of sexual abuse. *See Broderick*, 35 S.W.3d at 73 ("From a careful reading of the outcry witness statute, we conclude that there may be two proper outcry witnesses if they each testify about different events, but there may be only one outcry witness to the victim's statement about a single event.").

Here, the State successfully distinguished the potential outcry testimony of K.L. with that of Kellogg, noting that Z.L. did not mention vaginal penetration nor oral sex to Kellogg, and further noting that Z.L. did not mention certain of the sexual assault allegations to K.L., including Greer having Z.L. place her feet on his genitals, and the indecency-by-contact through clothing and indecent exposure allegations. Accordingly, we cannot conclude that the trial court abused its discretion when it permitted Kellogg to testify as an outcry witness, as it properly concluded that K.L. and Kellogg's proposed outcry-witness testimony pertained to at least two different events and was not simply the repetition of the same event. *See Garcia*, 792 S.W.2d at 92; *cf. Brown*, 189 S.W.3d at 387 (finding that a witness was not a proper outcry witness because the complainant's statements to three separate people "involved the same conduct," and "[n]o attempt was made to present evidence that would distinguish the events described" by each witness from each other); *Broderick*, 35 S.W.3d at 74 ("The trial court abused its discretion by determining that the officer was the outcry witness about the touching described by M.M.

9

because she had previously told Mueller the same story in a discernible manner."). We overrule Greer's sole issue.

## IV. CONCLUSION

For all the above reasons, we affirm the judgment of the trial court.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
7th day of August, 2025.