# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00418-CR

**Julises Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 9044048, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Julises Hernandez guilty of indecency with a child by contact, and the court sentenced him to fifteen years' imprisonment. *See* Tex. Pen. Code Ann. § 21.11(a)(1) (West 2003). Appellant contends the evidence is factually insufficient to sustain the guilty verdict and that his trial counsel was ineffective. We disagree with both contentions and affirm the conviction.

In March 2003, the four-year-old complainant told her mother, Elizabeth Martinez, that she did not want appellant "to give her love anymore." Appellant, who was seventeen, worked with Martinez's husband. He was living in the family's spare bedroom and helping with the rent. Martinez said she initially thought that the complainant meant that appellant had kissed her on the cheek. But when she questioned the complainant further, the complainant told her that appellant had come into her room, taken her from the bed, pulled down her underpants, and put his penis "inside

her." The complainant pointed to her vagina when she said this. Martinez reported what she had been told to the police.

The physician who conducted the sexual assault examination testified that the complainant told him about three episodes of sexual assault during the two weeks prior to the examination. He said that the complainant's hymen was absent, which was consistent with but not proof of penetration by a penis or finger.

Leonor Castillo, an employee of the district attorney's office, served as translator during meetings between the complainant, her parents, and the assistant district attorney assigned to the case. Castillo testified that the complainant said appellant squeezed her breasts, touched her mouth with "his weenie," and touched her vagina with his finger. The complainant also said that appellant placed his mouth on her vagina.

The complainant, a nervous and reluctant witness, testified that appellant touched her breasts with his hands.

Count two of the indictment contained three paragraphs alleging that appellant engaged in sexual contact with the complainant by touching her genitals, by touching her breasts, and by causing her to touch his genitals. *See* Tex. Pen. Code Ann. § 21.11(a)(1), (c). The trial court's charge authorized a finding of guilt based on any or all of these theories, and the jury returned a general verdict of guilt.[1]

---

[1] The indictment also included counts accusing appellant of aggravated sexual assault and indecency with a child by exposure. *See* Tex. Pen. Code Ann. § 21.11(a)(2) (West 2003), § 22.021(a)(1)(B) (West Supp. 2005). The jury was unable to reach a verdict on these counts.

In a factual sufficiency review, the question is whether, viewing all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). The evidence may be factually insufficient because: (1) the evidence of guilt, considered alone, is too weak to support a finding of guilt beyond a reasonable doubt, or (2) the contrary evidence is so strong as to preclude a finding of guilt beyond a reasonable doubt. *Id*. at 484-85. In the instant case, the defense called no witnesses and there is no evidence contrary to the finding of guilt. The testimony previously summarized is plainly sufficient to support a verdict of guilt beyond a reasonable doubt on all three paragraphs of count two. Point of error one is overruled.

In his other point of error, appellant contends that his trial counsel did not provide effective assistance. To prevail on this claim, appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Appellant asserts that his attorney should have objected to the State calling two outcry witnesses: Elizabeth Martinez and Leonor Castillo. *See* Tex. Code Crim. Proc. Ann. art. 38.072

3

(West 2005). Multiple outcry witnesses may testify about separate instances of abuse if each was the first person to whom the child relayed information about separate incidents or types of abuse. *Hernandez v. State*, 973 S.W.2d 787, 789 (Tex. App.—Austin 1998, pet. ref'd). On the present record, the testimony of the two outcry witnesses does not appear to have been objectionable under article 38.072. Appellant also argues that counsel should have objected to the outcry testimony as violating his Sixth Amendment confrontation rights under *Crawford v. Washington*, 541 U.S. 36 (2004), decided one month before his trial. While such an objection could have been made, appellant makes no effort to demonstrate that it would have been meritorious. We also note that the guilty verdict is sustainable on the complainant's testimony alone. Appellant further complains that his attorney did not object to the prosecutor telling the jury that she was an outcry witness. We find no such statement by the prosecutor in the record. Leonor Castillo did testify that the prosecutor was present when the complainant made outcry statements, but appellant refers us to no authority holding that this testimony was objectionable.

Appellant contends that his trial attorney should have objected to the State calling the complainant to testify three different times and to the use of closed-circuit television for her testimony. The complainant, who was five at the time of trial, was twice called by the State to testify in open court. It appears from the record that she was nervous and uncomfortable on the witness stand, and she did not testify to any inculpatory facts. The complainant was called a third time and allowed to testify by way of closed-circuit television. It was during this testimony that she described appellant's improper touching. Appellant cites no authority holding that it was improper to recall the complainant as a witness. He appears to concede that the use of closed-circuit television was

4

proper under prevailing authority, but he suggests that the holding in *Crawford* calls this authority into question. *See Maryland v. Craig*, 497 U.S. 836, 855 (1990); *Marx v. State*, 953 S.W.2d 321, 328 (Tex. App.—Austin 1997), *aff'd*, 987 S.W.2d 577, 580 (Tex. Crim. App. 1999). Appellant offers no argument in support of this suggestion. Finally, appellant contends that his attorney should have objected to the State's use of leading questions during the complainant's testimony. The use of leading questions was within the trial court's discretion, and counsel could have reasonably believed that the leading was not objectionable under the circumstances. *See* Tex. R. Evid. 611(c).

Appellant also complains that his attorney should have objected to the trial court determining the complainant's competency to testify in the jury's presence. *See* Tex. R. Evid. 104(c), 601(a)(2). He states that the court's conduct implied that the judge endorsed the complainant's testimony. The record reflects that the court briefly questioned the complainant about her understanding of the difference between telling the truth and telling a lie. We find no basis for concluding that the interests of justice required this examination to be done outside the jury's presence. *Id*. rule 104(c). Appellant urges that counsel should have requested a "taint hearing" to determine whether the complainant's testimony had been tainted during the course of previous interviews. He points to no evidence that such a taint might have existed.

Appellant argues that his trial counsel should have requested the appointment of medical or psychological experts to assist the defense. While such a request was not made, it is possible that counsel considered and rejected such a request as unnecessary. Appellant also cites no evidence that such expertise would have been beneficial to the defense.

Finally, appellant contends that his trial counsel was ineffective because he did not elect to go to the jury for punishment, which in turn deprived appellant of any chance for community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(C) (West Supp. 2005). Appellant refers us to a statement by counsel indicating that he believed that appellant's status as an undocumented alien disqualified him for probation. While counsel might have been mistaken in this, we cannot determine from the trial record that this was the only reason he chose to go to the court for punishment. Counsel may have believed, based on his experience, that a jury was unlikely to recommend probation and would assess a harsher punishment than the court.

Appellant's complaints regarding the performance of his trial counsel are not firmly rooted in the record. He has not overcome the presumption that counsel exercised reasonable professional judgment during the course of appellant's trial. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: December 15, 2005

Do Not Publish